WASHBURN, J.
Defendant in error, when four and one-half years of age, was injured in a collision with the automobile of plaintiff in error in one of the public streets in the city of Cleveland. She was crossing the street not at a crossing, and the evidence of *608 negligence on the part of plaintiff in error, if any snch there was, was very slight indeed. She recovered a judgment, and the matter is before this court for review on error.
As has been said, plaintiff was a little girl, four and one-half years old at the time of the accident, and the trial was had a year later. At the trial she was offered as a witness. At the close of her testimony a motion was made to exclude her testimony on the ground that she was not old enough to be a competent witness. That motion was overruled and exception taken.
There was no examination of the witness at any time to ascertain her ability to receive impressions, or her ability to relate facts and circumstances truthfully, and nothing was said in the charge of the court as to the duty of the jury in weighing and considering the testimony of a small child, and that, too, when the only other witness to the transaction on behalf of the plaintiff was a child five and one-half years old at the time of the accident and six and one-half years old at the time of the trial.
It is true that no request for such charge was made, and it is true also that when the youngest child was offered as a witness no objection was made to her testimony and no request was made for an examination to ascertain her qualifications. There was, however, as I have said, a motion to exclude her testimony at its conclusion, which was overruled and to which exception was noted.
At two places in her testimony, she said she did not know how old she was, and in another place she said her age was five and one-half years. At one place in her testimony she said that she was hit by the automobile, and in another place she says she did not know what hit her. She says that the accident occurred in the summer time, and that there was no snow on the ground, when it is admitted that it occurred in the winter time when there was a heavy fall of snow. She testified that she attended a kindergarten school, but she could not tell how long she had been going to a kindergarten, or what month she started, or whether rt was in the fall.
Most of the questions put to her were leading questions which could be answered by yes or no, and at no place in the record does it appear that she was asked to relate what occurred *609 so that anyone hearing the testimony would have a better opportunity to form a judgment as to her ability to receive impressions and relate facts and circumstances truthfully.
The statute provides that -.
“All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly. ’ ’
It is well settled that when a child under ten years of age is offered as a witness, and objection is made to the competency of such witness, it is the duty of the court to examine the witness and determine as a matter of law whether or not the witness has sufficient ability to receive impressions and relate facts and circumstances connected with the transaction truthfully, and that the question of whether or not the witness is competent to testify is largely in the discretion of the trial judge.
While there are no reported cases on the subject in the Supreme Court of Ohio, there are such cases in other states, and no doubt the question has arisen many times in the lower courts of Ohio. There are reported cases where a child as young as six years of age has been held to be competent to testify. In the case at bar the child was attempting to relate impressions which were received when she was four and one-half years of age, and from an examination of the record we think that it appears that the plaintiff was incapable at that time of receiving just impressions of the facts and transactions respecting which she was examined, and at the time of the trial she was incapable of relating truthfully impressions received a year previous, and for that reason she was not a competent witness. We are not unmindful of the fact that no objection was made as to her competency at the time she was offered, and that no request was made of the court to charge the jury on the subject of the weight to be given to the testimony of witnesses of such tender years, but this was a trial conducted by a court charged with the duty of seeing that justice was administered, and when a kindergarten witness of such tender years was offered, who manifestly knew nothing about the nature of an oath, it was the duty of the court to at *610 least ascertain whether she knew right from wrong, and whether she knew that it was wrong to tell an untruth, and what was likely to happen if an untruth was told, and then to have her relate what took place in a narrative way in the first instance, and not have her testimony given almost entirely in answer to leading questions.
Considering the very tender years of this child, this was a duty which the court owed to the administration of justice, but as no objection was made by the plaintiff in error, he can not now complain because the court did not discharge that manifest duty. However, at the close of her testimony after her ineompetency had been made apparent by the answers she gave to the questions propounded to her, the court should have granted the motion of the plaintiff in error to exclude her testimony on the ground that she was not a competent witness, and the plaintiff in error by his exception to that ruling placed himself in a position to take advantage of the error committed by the court.
We recognize fully that the decision of such matters should be left almost exclusively to the sound discretion of the trial judge, but in this case the witness, being so very young, and her incompetency so apparent, and her testimony so important (there being but one other witness to the transaction in her behalf, and she was only a year older), we feel that the court abused its discretion in permitting such child to testify, and for that reason the case ought to be, and is reversed.
Grant and Dunlap, JJ., concur.