BEREA (CITY), PLAINTIFF-APPELLEE, *v.* PETCHER, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26240.   Decided March 7, 1963.

460

*Mr. John D. Munkacsy*, prosecutor, for plaintiff-appellee.
*Mr. John H. Bever*, for defendant-appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of and sentence imposed by the Municipal Court of Berea finding the defendant guilty of assault and battery upon the person of a six year old child.

The assignments of error by the appellant are three in number and are as follows:

"1. Abuse of discretion by the court in permitting testimony on behalf of the plaintiff contrary to law;

"2. The finding and judgment is not sustained by sufficient evidence and is contrary to law;

"3. Error of law—the court should have granted defendant-appellant's motion for finding and judgment of not guilty at the conclusion of plaintiff's case."

This was a criminal action wherein defendant was charged with a violation of Ordinance No. 913.01 in that she did unlawfully assault and strike Charles Mehozonek, six (6) years of age, in Berea, County of Cuyahoga, Ohio, contrary to the ordinance. The case was tried to the court without a jury.

All witnesses, including the defendant, live on Kempton Drive, in Berea, Ohio. On August 6th, 1962, in the afternoon, several neighborhood children, including a child of the de-

fendant, were playing. A scuffle ensued. Defendant came to the area where this occurred, 274 Kempton Drive, in search of Charles Mehozonek, who with her son, Ricky, had been scuffling. Apparently Charles Mehozonek, along with several other children ran to the rear of this address. Charles Mehozonek went into the garage. The defendant went to the garage seeking him. So did several neighbor children, including Jean Cieslinski, age 7, who lived at that address. Some words were exchanged and additional scuffling ensued. It is claimed that the defendant struck Charles Mehozonek and that he then ran out of the garage stating, ''Fran hit me.'' The defendant then left the scene and returned to her home.

As noted above, this is a criminal case in which the duty devolved upon the city to prove the defendant guilty of the crime of assault and battery by evidence beyond a reasonable doubt. The plaintiff appellee, City of Berea, attempted to establish its case against the defendant-appellant by the oral testimony of three witnesses, children, one of the age of eleven (11) years, one six (6) years of age, and one seven (7) years of age.

Section 2317.01, Revised Code, states:

''All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.''

From the record it is apparent that two of the three witnesses were children of tender years, ages 6 and 7. Nowhere in the record does it appear that the court made any attempt by way of voir dire to determine the competency of these infant witnesses before permitting such infants to testify to the merits of this cause. When the first of these two witnesses was permitted to testify, defendant's counsel entered a timely objection to further testimony of such witness and attempted to direct the court's attention to the provisions of Section 2317.01, Revised Code. The prosecutor interrupted at this point before defendant's counsel could complete his statement and without further ado was met by the court's ruling, ''The objection is overruled,'' and witness was permitted to testify.

At the conclusion of the testimony of this witness counsel moved that the testimony of such witness be stricken, again directing the court's attention to Section 2317.01, Revised Code. Without hesitation, the court ruled, "The objection is overruled. The motion is denied."

Another witness, age 7, was produced by the plaintiff. Again no voir dire by the court was had to determine the competency of this witness.

One other witness was called on behalf of the plaintiff, a boy of the age of 11 years, who looking out of a bedroom window testified he could see in the garage and that the defendant did strike the complainant witness when the boy came running out of the garage and that he heard him say, "You shouldn't have struck me," or something like that. On cross-examination this witness testified that he did not see the defendant strike the boy, that he did not see the blow strike the victim but that he saw "her hand go back and swing with all her might." At another point, on cross-examination, he said, "I didn't see her strike him. I saw when she pulled her hand back and then swung."

At the close of the plaintiff's case, defendant's counsel moved for a discharge of the defendant and a finding of not guilty. Motion was overruled, defendant excepting.

Defendant-appellant testified in her own behalf and denied specifically the charge that she struck the complainant.

From an examination of the record it is our conclusion that the court erred in its failure to conduct a voir dire examination to determine the competency of the witnesses, ages 6 and 7. It is extremely doubtful from their testimony, as shown by the record, that they could qualify as witnesses pursuant to the provisions of Section 2317.01, Revised Code; and that on motion of the defendant such testimony should have been stricken and a failure to do so was contrary to law. See 42 Ohio Jurisprudence, 119, Section 109, Witnesses; *Crouch* v. *Fishbein*, 29 O. C. A., 573, 45 O. C. C., 667.

We further conclude that, with the testimony of said six and seven year old witnesses stricken from the record, the case based upon the only other witness appearing on behalf of the plaintiff, City of Berea, is insufficient to support a judgment of guilty

of the crime of assault and battery beyond a reasonable doubt.

The motion of defense counsel to find the defendant not guilty and to order her discharged should have been granted. Failure so to do was error on the part of the court. Each of the errors hereinabove noted was highly prejudicial to the defendant.

Accordingly, the judgment of the Municipal Court of Berea is reversed and final judgment is entered for the defendant and the defendant is discharged.

Exceptions. Order see journal.

SKEEL, C. J., KOVACHY and ARTL, JJ., concur.