[Crim. No. 13652.   Second Dist., Div. One. Mar. 29, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD PAUL BERRY, Defendant and Appellant.

Bernay, Christensen, Goldberg & Kippen and Richard H. Christensen for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—Donald Paul Berry appeals from a judgment of conviction, pursuant to a jury verdict, of three counts of committing lewd and lascivious acts upon the body of a child (Pen. Code, § 288). Appellant was denied probation and sentenced to state prison on each count.

The record reflects the testimony of two little girls as prosecution witnesses. Carrie Jorgenson, a six-year-old first grade pupil, was frequently taken to the Berry home by her mother during 1964 and early 1965 to be cared for by appellant's wife, Millie. Customarily Millie cared for several children, in addition to her own family, while their mothers went to work.

Carrie testified that when she was left at the Berry home on Sundays, Millie took the older children to Sunday school and Carrie was left alone with "Don" and the younger children. Frequently on these Sunday mornings appellant would take Carrie into the bathroom or the Berry children's bedroom. Carrie and he would remove their clothing, and appellant would have Carrie lie on a rug which he placed upon the floor. Then appellant would kneel over her and insert his "thing" and "stuff" would come out." On one occasion he placed his "thing" in her mouth and at times she also played with his "thing." She did not disclose these events to anyone for a

long while, although Don's "thing" hurt her, because he asked her to keep it a secret.

Janene Marie Forester, another child who had been cared for in the Berry home while her mother worked, was nine years old. She testified that she spent June 10 and 11, 1965, at appellant's house and on one of those days, while she and appellant were alone in the living room, he pulled up her skirt, knelt down and kissed her on the outside of her panties near the elastic band. On another occasion, appellant asked her to get him a beer from the garage, then followed her and there knelt down and kissed her on the mouth, inserting his tongue. He also rubbed his private parts against her. Although he told her to "keep it a secret," she told her mother about these events a couple of days later.

Carrie's mother did not learn about appellant's conduct with her daughter until some time later. Several times during each month from April through July of 1964 Carrie complained of inflammation in the vaginal area and her mother frequently examined her or applied medication. The inflammation would disappear upon medication only to recur, and her mother was unable to determine the cause. Finally, on the night of June 4, 1965, Carrie while taking a bath admitted to her mother that appellant had engaged in sexual conduct with her. Coincidentally, and upon reminiscence, Carrie's mother recognized that Carrie "hurt" every Sunday night when she came home from appellant's home. Carrie's mother recalled specifically that she had left her daughter at the Berry home only one Sunday during February of 1965 and on that day, February 7, 1965, Carrie had been inflamed and hurting.

Appellant testified in his own defense, and denied the acts complained of by Carrie and Janene. He said that his wife took care of several children in addition to Carrie and Janene during the period between May 1964 and June 1965 but he did not regularly care for the younger children on Sundays while she took the others to church. Appellant did not recall seeing Carrie during May 1964 and believed that he was working away from home on one of the Sundays, May 24, 1964, of which the prosecuting witness complained. On February 7, 1965, appellant left home around 8 a.m. and returned after 6 p.m. when he finished working on his truck with a friend. On June 7, 1965, another day included in the charges, appellant was home with his wife, who testified that on that day Janene spent less than an hour at the Berry home.

█  Appellant contends that neither juvenile witness was properly qualified under Code of Civil Procedure, section 1880 subdivision 2 and that the failure of the court to swear each of the juvenile witnesses as adults constitutes reversible error. In addition, appellant claims that the dates of the commission of the offenses proved at trial were different from those originally alleged in the felony complaint and proved at the preliminary hearing. These contentions are without merit.

It was not incumbent upon the court to inquire whether these prosecuting witnesses understood the meaning of the adult oath. The court inquired of the older witness whether she knew what it meant to tell the truth and whether she would tell the truth as she promised; to both questions she answered "yes." The court also cautioned her that failure to tell the truth after so promising constituted the crime of perjury, and Janene said she understood and promised to tell nothing but the truth. The court also inquired of Carrie if she knew what it meant to tell the truth, what it meant not to tell the truth, and whether she would tell the truth if she promised the court to do so. To each of these questions she responded "yes," and when asked whether she would tell a lie she said "no."

The record, moreover, reflects that each of the prosecuting witnesses was competent. The younger girl knew her last name, her age, her birthdate, her class in school and the name of her teacher. She understood the court's admonitions and on direct examination she clearly described the surroundings and manner in which the acts were committed. She knew these events took place on Sundays while the Berry children were at church. The older girl displayed similar clear knowledge and understanding, clearly described the acts of appellant, and was aware of the dates and surrounding circumstances.

█  It is not necessary that a juvenile witness entertain a religious belief or conviction, nor that the child have any detailed knowledge of the nature of the oath, but it is sufficient that the child understand that some earthly evil will befall if the truth is not disclosed (*People* v. *Burton*, 55 Cal.2d 328, 341-342 [11 Cal.Rptr. 65, 359 P.2d 433]). The younger child understood that she was under the judge's compulsion to tell the truth; the older girl understood that she would be committing a crime if she did not tell the truth.

█  Finally, appellant, if he was dissatisfied with the answers, had the responsibility to request further inquiry into the witness's compunction to tell the truth before the

commencement of the child's testimony in chief. (*People* v. *Burton, supra,* 55 Cal.2d 328, 342.) Since defense counsel did not make such a request or object at the trial to the testimony of either prosecuting witness on the basis that she was not competent, the ground for objection must be considered waived. (*People* v. *Singh,* 182 Cal. 457, 484 [188 P. 987]; *People* v. *Carpenter,* 136 Cal.App.2d 726, 727-728 [289 P.2d 251]; *People* v. *Wilder,* 151 Cal.App.2d 698, 706 [312 P.2d 425].)

Appellant's contention concerning the inadequacy of the court's oath-taking is a procedural matter similarly waived by failure to make timely objection and by proceeding with cross-examination of the witnesses. (*People* v. *Thomas,* 65 Cal.2d 698, 708 [56 Cal.Rptr. 305, 423 P.2d 233]; *Tennant* v. *Civil Service Com.,* 77 Cal.App.2d 489, 498 [175 P.2d 568]; *People* v. *Duffy,* 110 Cal.App. 631, 635-636 [294 P. 496].)

Finally, appellant contends that the dates of the offenses as alleged in the felony complaint were different from those proved at the preliminary hearing and appellant was prejudiced because he was unable to account for his whereabouts on the dates proved at trial. The felony complaint and preliminary transcript have not been made part of the record on appeal and appellant may not raise issues concerning matters outside the record. (*People* v. *Fisher,* 208 Cal.App.2d 78, 80-81 [25 Cal.Rptr. 242]; *People* v. *Duchon,* 165 Cal.App. 2d 690, 694 [332 P.2d 373].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.