THE STATE OF OHIO, APPELLEE, *v.* MORGAN, APPELLANT.

(No. C-850795 — Decided December 10, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Paul R. Markgraf* and *Robert P. Ruehlman,* for appellee.

*Peter Rosenwald,* for appellant.

HILDEBRANDT, J. On April 4, 1985, the Grand Jury of Hamilton County, Ohio, indicted the defendant-appellant, Donie R. Morgan ("appellant"), with four counts of rape. The alleged victim was the appellant's seven-year-old

daughter, Crystal Morgan.[1] The appellant entered a plea of not guilty to those charges and, commencing on October 1, 1985, a jury tried the cause in the court below.

On October 3, 1985, the jury returned verdicts of not guilty of rape but guilty of sexual battery as to counts one, two, and three of the indictment. The jury acquitted the appellant of the charges contained in the fourth count. The trial court entered judgment accordingly on October 16, 1985, and the appellant was sentenced as it appears of record.[2]

The alleged victim, Crystal Morgan ("Crystal"), testified at trial that because her parents were separated she, her brother, and sister would visit with the appellant at his residence. She further testified that the last visit occurred over the weekend of March 9-10, 1985.[3] She maintained that on this occasion the appellant committed certain acts upon her that we discern to constitute sexual conduct.[4]

The state also offered *inter alia* evidence from a physician who examined the child after she had reported the appellant's conduct to her mother. The doctor testified that she examined Crystal on March 11, 1985. She observed during the examination that the child was upset. The physician noted from her physical examination of the child that Crystal's mons veneris was reddish in color. Additionally, though the child's hymen was intact, the introitus was larger than normal for a child of Crystal's age.

The appellant denied Crystal's allegations. His girlfriend, Kathy Baker, and his nephew, Steven Chestnut, each of whom testified that they were at appellant's residence during the time that the events *sub judice* occurred, corroborated appellant's position.

From the judgment and sentence of the court below, the appellant brings this timely appeal in which he asserts two assignments of error. For his first assignment of error, the appellant maintains that the trial court committed prejudicial error by failing to voir dire Crystal Morgan concerning her competence to testify. For the reasons that follow, we overrule the first assignment of error.

Evid. R. 601(A) provides:

"Every person is competent to be a witness except:

"(A) Those of unsound mind, and children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *;

"(* * *)"

The Ohio Supreme Court interpreted this rule[5] as meaning that children under age ten are presumptively incompetent to testify.[6] *State* v. *Wilson* (1952), 156 Ohio St. 525, 529-530, 46 O.O. 437, 439, 103 N.E. 2d

---

[1] The record discloses that Crystal Morgan was born on June 6, 1977.

[2] The appellant's motion for a new trial, filed on October 16, 1985, was overruled by the court below as evidenced by its entry of November 5, 1985.

[3] The crimes *sub judice* are alleged to have occurred on or about March 9, 1985.

[4] Crystal told the court below that appellant told her to go to his bedroom whereupon he engaged in acts of vaginal and anal intercourse, cunnilingus, and fellatio with the child.

[5] In the case of *State* v. *Wilson* (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E. 2d 552, the Ohio Supreme Court was considering G.C. 11493. G.C. 11493 and its modern-day counterpart R.C. 2317.01 are essentially identical to Evid. R. 601(A). R.C. 2945.41 makes "[t]he rules of evidence in civil causes, where applicable, govern in all criminal causes."

[6] In *Wilson, supra,* at fn. 5, the prosecu-

552, 555; see, also, *State* v. *Lee* (1983), 9 Ohio App. 3d 282, 9 OBR 497, 459 N.E. 2d 910. The presumption is rebuttable. Proper judicial procedure requires the trial judge to conduct a voir dire examination of a child under age ten to determine the child's competence to testify. *Wilson, supra,* at 529, 46 O.O. at 439, 103 N.E. 2d at 555. The trial judge has a duty to conduct the examination when the child is presented to the court and the fact is revealed that the child has not reached age ten. *Wilson, supra,* at 529, 46 O.O. at 439, 103 N.E. 2d at 555. If the court determines that the child is competent, the child is then permitted to testify.

The appellant correctly notes that the trial court did not conduct the requisite voir dire examination before allowing Crystal to testify. The court's failure to do so is error. *Wilson, supra,* at 532-533, 46 O.O. at 440, 103 N.E. 2d at 556-557. However, in the case at bar, defense counsel did not object to Crystal's testifying without qualification. It is well-settled that an appellate court need not consider an error to which the complaining party, at a time when such error could have been corrected or avoided, did not direct the trial court's attention. *State* v. *Williams*

(1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364, paragraph one of the syllabus, vacated on other grounds (1978), 438 U.S. 911; Crim. R. 52(A). The instant inquiry is whether the failure of the trial court to voir dire Crystal Morgan to determine her competence to testify rises to the level of plain error.[7] Crim. R. 52(B).

The issue of a witness' competence to testify may be likened to other issues of admissibility. See, generally, Evid. R. 104(A). The threshold of admissibility is low, reflecting a policy of favoring the admission of relevant evidence for the trier of fact to weigh as opposed to preliminary admissibility determinations which prevent relevant evidence from reaching the trier of fact at all.[8] See Evid. R. 402. In the same fashion, a child witness' competence to testify is measured by the standard of whether the child is able to receive just impressions of facts and to relate these impressions truly. Evid. R. 601(A). If the child meets that minimal standard, the testimony of the child is received into evidence for the trier of fact to weigh.[9]

A voir dire examination should consist of questions designed to elicit from the child answers which the court can use to test competence.[10] From the case

---

tion had previously requested the presiding judge of the court, not the trial judge, to determine the competence of the child to testify. However, the presiding judge concurred with Wilson's trial counsel that the presiding judge was without authority to rule on the child's competence.

[7] Plain error is reversible error to which no objection was lodged at trial; it is obvious and prejudicial, and if permitted it would have a material adverse effect on the character and public confidence in judicial proceedings. *State* v. *Craft* (1977), 52 Ohio App. 2d 1, 7, 6 O.O. 3d 1, 4, 367 N.E. 2d 1221, 1225.

[8] With respect to witness qualification, see, generally, *Hill* v. *Skinner* (1947), 81 Ohio App. 375, 37 O.O. 213, 79 N.E. 2d 787;

accord *People* v. *Berry* (1968), 260 Cal. App. 2d 649, 67 Cal. Rptr. 312.

[9] The point is expressly delineated in *People* v. *Pilgrim* (1963), 215 Cal. App. 2d 374, 378, 30 Cal. Rptr. 170, 173, where the court logically develops that where a witness says that he or she will tell the truth and knows what truth is, the witness is competent and the credibility of the witness' testimony is left to the trier of fact.

[10] For examples of questions which should be posed at a voir dire examination of a child, see *State* v. *Lewis* (1982), 4 Ohio App. 3d 275, 277, 4 OBR 494, 496, 448 N.E. 2d 487, 489-490; see, also, Carpenter, The Parent-Child Dilemma in the Courts (1969), 30 Ohio St. L.J. 292, at 308-309.

law it is clear that a child should demonstrate the ability to distinguish truth from falsehood. The child should also be able to reasonably identify the consequences of giving false testimony. See, *e.g., State* v. *Workman* (1984), 14 Ohio App. 3d 385, 388-389, 14 OBR 490, 494, 471 N.E. 2d 853, 859; *Lee, supra,* at 283, 9 OBR at 498, 459 N.E. 2d at 911; *Lewis, supra,* fn. 10 at 277, 4 OBR at 496, 448 N.E. 2d at 489; *Crouch* v. *Fishbein* (1919), 29 Ohio C.C. (N.S.) 573, 576, 35 Ohio C.D. 607, 610; accord *Staton* v. *State* (Ind. 1981), 428 N.E. 2d 1203; *State* v. *Brewer* (Me. 1974), 325 A. 2d 26; *Williams* v. *State* (1971), 11 Md. App. 350, 274 A. 2d 403. These considerations form the basis for a competence determination with respect to a child of tender years.

Diligent research by this court revealed a paucity of cases in which a child of tender years, called to the stand, gives testimony without voir dire by the trial court or challenge from defense counsel. However, in those few cases, courts indicate that, whether because of waiver or harmless error, appellants may not later complain that a court improperly permitted a child of tender years to testify when the appellants did not object.[11]

---

[11] For cases in which courts take the waiver approach, see, *e.g., Crouch, supra,* at 576, 35 Ohio C.D. at 610 (considering the very tender years of this child, this was a duty which the court owed to the administration of justice, but as no objection was made by the plaintiff in error, he cannot now complain because the court did not discharge that manifest duty); *Rhymes* v. *State* (Miss. 1978), 356 So. 2d 1165; *Frazier* v. *State* (1974), 53 Ala. App. 492, 301 So. 2d 256; *Berry, supra,* at fn. 8; *People* v. *Kelly* (1976), 39 Ill. App. 3d 988, 351 N.E. 2d 419; *Wright* v. *State* (1970), 255 Ind. 292, 264 N.E. 2d 67; *Milnark* v. *Eastlake* (C.P. 1968), 14 Ohio Misc. 185, 43 O.O. 2d 417, 237 N.E. 2d 921. One source cites a general rule of waiver:

"A party who calls a witness, or who, with knowledge of the incompetency of a witness, fails to make timely objection to his testifying waives his incompetency." 97 Corpus Juris Secundum (1957) 526, Witnesses, Section 118.

However, we do not use the waiver approach because of the questions counsel asked.

Many courts approach the problem with a harmless error analysis. For example, Maine practice is similar to Ohio practice in that when a witness of tender years is proposed, the court must exercise its sound judicial discretion to evaluate the child's testimonial competence under Evid. R. 601 on the basis of the totality of the voir dire. *State* v. *Crocker* (Me. 1981), 435 A. 2d 58, 73. The Maine Supreme Court, although mindful of that rule, held in *State* v. *Clark* (Me. 1985), 488 A. 2d 1376, at 1378:

"Because Clark did not raise the issue below, the standard of review is whether the trial justice committed obvious error affecting substantial rights. M.R. Crim. P. 52(b); *State* v. *Crocker* 435 A. 2d 58 (Me. 1981). Although the court conducted no preliminary determination of competency, the record demonstrates that each child presented himself as a competent witness. Each displayed an ability to understand questions and replied intelligently, and each was candid when unable to answer a question or when memory failed. Further, the presiding justice had the opportunity to evaluate their competence as he watched and listened during each boy's testimony. We find no obvious error in the circumstances * * *."

Illinois also requires a trial court to determine preliminarily the competence of a youthful witness. However, the court of appeals held that no prejudicial error was committed by a trial court that did not voir dire a child witness:

"* * * Because she was a minor, it definitely would have been better practice for the trial court to have interrogated Jeanette Dilworth as to her competency to testify as a witness to the murder. However, the lengthy and rigorous direct and cross-examination of this witness certainly supplied the trial court with enough information regarding her competency as a witness. Whether a child shall be permitted to testify rests largely in the discretion of the trial court. *People* v. *Davis,*

A trial judge is in a far better position than an appellate court to determine a child's capacity for truth-telling. The judge can observe the child's demeanor, composure, and behavior. *Wilson, supra,* at 532, 46 O.O. at 440, 103 N.E. 2d at 556; *Barnett* v. *State* (1922), 104 Ohio St. 298, 135 N.E. 647; *Workman, supra,* at 388, 14 OBR at 494, 471 N.E. 2d at 859; *Lewis, supra,* fn. 10 at 277, 4 OBR at 496, 448 N.E. 2d at 490; *State* v. *Nicholson* (Nov. 24, 1982), Hamilton App. No. C-810933, unreported; 44 Ohio Jurisprudence 3d (1983) 122, Evidence and Witnesses, Section 773. An appellate court may review the record to decide whether a witness was competent if the trial court did not determine the question. See *Berea* v. *Petcher* (1963), 119 Ohio App. 165, 168, 26 O.O. 2d 383, 385, 188 N.E. 2d 605, 607; *Crouch, supra,* at 576, 35 Ohio C.D. at 610.

We now apply the principles discussed above to the facts of the case at bar. The prosecutor called Crystal to the stand. He asked her these questions:

"Q. Hi, Crystal.

"A. Hi.

"Q. Would you tell everybody your name?

"A. My name is Crystal.

"Q. Okay. What's your last name?

"A. Morgan.

"Q. And, Crystal, you go to school?

"A. Yes.

"Q. What school you go to [sic]?

"A. Eastern Hills.

"Q. And what grade are you in?

"A. Second.

"Q. And how old are you, Crystal?

"A. Eight."

The prosecutor then began to advance the state's case-in-chief. Defense counsel did not object.

Upon cross-examining Crystal, defense counsel asked her questions which also developed indicia of her ability to tell the truth.

"Q. May it please the Court, Mr. Ruehlman, ladies and gentlemen. Crystal, do you remember who I am? Remember me?

"A. Keener.

"Q. Yeah. Do you remember that you and I talked in my office?

"A. Yes.

"Q. All right. Now, do you remember that I asked you some questions at that time?

"A. Yes.

"Q. All right. And, Crystal, do you remember that I asked you what it was to tell a lie?

"A. Yes.

"Q. And what did you tell me at that time, if you remember?

"A. That I would get in trouble.

"Q. If you told a lie? And who' did you say you'd get in trouble with if you told a lie, if you remember?

"A. I don't know.

"Q. All right.

"A. I forget.

"Q. Now, Crystal, who would punish you if you told a lie?

"A. I think my dad.

"Q. You think your dad would punish you if you told a lie? How about your mom, Crystal, would she punish you if you told a lie?

"A. Yes."

Satisfied with her answers to his questions, defense counsel proceeded with the cross-examination.

The questions asked by both the

---

10 Ill.2d 430, 140 N.E. 2d 675; *People* v. *Karpovich,* 288 Ill. 268, 123 N.E. 324. We find no abuse of discretion here." *People* v. *Dilworth* (1966), 67 Ill. App. 2d 384, 392, 214 N.E. 2d 9, 13.

These cases show that failure to voir dire a youthful witness is not of necessity a prejudicial error.

prosecutor and defense counsel are precisely the kind of questions that a trial judge would ask during a voir dire examination.[12] Crystal's answers satisfied defense counsel that Crystal was a competent witness. She correctly answered questions about her age, where she attended school, in what grade she was, the import of truth-telling, and who might punish her for telling falsehoods. Her testimony was consistent on both direct examination and cross-examination. Had Crystal appeared incompetent in giving her testimony, defense counsel would properly have moved to strike her testimony. See *Petcher, supra;* accord *Malchanoff* v. *Truehart* (1968), 354 Mass. 118, 236 N.E. 2d 89. Crystal showed the capacity to relate facts truthfully and the ability to appreciate the importance of veracity.

This court has held that it is not reversible error for counsel, without judicial participation, to conduct a competence examination. *Nicholson, supra,* at 3. In that case, we noted the distinction between *Wilson,* where a child's deposition was introduced without qualification or an opportunity for the judge to observe the child, and *Nicholson,* where the child appeared personally before the court. *Nicholson, supra,* at 3. In the case *sub judice,* the trial judge personally observed Crystal on the stand. At different times, counsel asked Crystal questions, and Crystal gave answers that upon review would lead a judge of sound discretion to conclude that she was competent to testify. We reiterate that better judicial procedure requires a trial judge to voir dire child witnesses under age ten to determine their competence to testify. However, when on the record there appear indicia of a child's ability to receive just impressions of facts, to relate facts truthfully, and to understand the consequences of telling falsehoods, we do not find that an appellant is prejudiced when the child is permitted to testify without qualification by the trial judge and without objection by defense counsel. Accord *Dilworth, supra,* at fn. 11; *Clark, supra,* at fn. 11; see generally *Nicholson, supra.* Each case must be decided upon its own facts when this unique situation arises.[13] In the case *sub judice,* we find that the trial court's failure to voir dire did not cause prejudice to the appellant and was not plain error. We therefore overrule appellant's first assignment of error.

For his second assignment of error, the appellant urges that the verdict and judgment are contrary to the weight and sufficiency of the evidence. Appellant argues in support of this assignment of error that because the trial court did not determine Crystal's competence to testify, her testimony before the court must be stricken. Consequently, the record becomes void of credible and probative evidence of the appellant's guilt. This assignment of error must be overruled because in light of our disposition of ap-

---

[12] Compare the questions quoted with the questions contained in the authorities cited *supra* in fn. 10.

[13] We would allow a trial court to review the testimony of a child, permitted to testify without qualification, of its own volition if the child appears incompetent or where the objecting party moves to strike testimony. See *Petcher, supra.* Similarly, on review we will consider the child's testimony to determine the child's competence in that instance while according deference to what the trial judge observed at trial. This approach is used, for example, in Texas. *Jundt* v. *State* (1957), 164 Tex. Crim. 437, 300 S.W. 2d 73. See, also, *Lewis, supra,* fn. 10 at 277, 4 OBR at 496, 448 N.E. 2d at 490. Because each case will have special facts, we do not choose the absolute waiver approach, However, given that we have expressed our distinct preference that a trial judge voir dire youthful witnesses, we hope that it will be the rare instance in the future that such a case will arise.

158

pellant's first assignment of error, Crystal's testimony will not be stricken. The record contains evidence of the appropriate weight and sufficiency to support the conviction.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and KLUSMEIER, J., concur.