This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-appellant Jackie Fullerman ("Fullerman"), appeals the judgment of the Youngstown Municipal Court convicting her of misdemeanor assault. The issues before us are whether: (1) the trial court erred by finding a nine year old witness was competent to testify; (2) the evidence before the trial court was legally insufficient to support its verdict, and; (3) the trial court's verdict was against the manifest weight of the evidence. For the following reasons we affirm the decision of the trial court.
Brandon Burt, 9 ("Brandon"), Hendrake Ashley, 10 ("Hendrake"), Thomas Moschella, 10 ("Thomas"), and J.P. Fullerman ("J.P.") all attend the same elementary school. Fullerman claims her son, J.P., who is autistic and has cerebral palsy, was having difficulty at school with students physically and verbally abusing him. J.P. previously named Brandon as one of a couple of boys abusing him. Fullerman contacted the school on more than one occasion concerning her son. Ursula Burt ("Ursula"), Brandon's mother, also reported the school mentioned an on-going problem between Brandon and J.P.
On May 13, 1999, Fullerman arrived at the elementary school to pick up J.P., Thomas and her daughter, Rae Lynn. She parked in a private driveway across the street from the school yard. Fullerman got out of the car and crossed to wait on the school steps. When she found J.P. after school let out, she saw another child slowly jogging up to him with outreached hands. Concerned the other child was planning on hitting J.P., she pulled him out of the way. J.P. then identified the other child as Brandon. At that time Brandon did not touch J.P. Fullerman testified she told Brandon, "I want you to keep your hands to yourself, leave him alone. You have no right to be touching him." Brandon testified she said "`if you mess with my son again, you are going to be in deep,' the S word."
Following this confrontation, Fullerman, J.P., Thomas, and Rae Lynn walked across the street, got into the car, and began driving down the street. Brandon and Hendrake began walking home in the same general direction. Brandon testified Fullerman moved the car, stopped, and came back to confront him a second time. Fullerman testified she heard a bang on her car, looked over and saw Brandon yelling obscenities. Thomas testified he did not hear any obscenities and did not hear a bang on the car until after the second confrontation between Fullerman and Brandon.
Fullerman then stopped the car and told Brandon she was "done" and "she was going to wipe that smile off his mouth because" she was going to call the police. She testified Brandon and Hendrake continually ran from her and she could not get close to them. Brandon testified she came up to him and showed him the mace canister attached to her key ring and asked him if he knew what it was. After telling him it was mace, she sprayed it at him.
After this second confrontation, Fullerman left and Brandon and Hendrake proceeded to Brandon's house. Brandon's eye was getting pink and he complained to his mother it was burning. Brandon told his mother what happened and she tried to wash the eye out with water. She then called the school, the police, and took Brandon to the hospital where the doctors diagnosed him with chemical conjunctivitis. On September 20, 1999 a bench trial was held and on September 29, Fullerman was found guilty of misdemeanor assault. On December 12, 1999, Fullerman filed this appeal.
Fullerman appeals the trial court's verdict, asserting the trial court erred by: 1) finding Brandon competent to testify; 2) reaching a verdict based on insufficient evidence, and; 3) convicting her against the manifest weight of the evidence. We affirm the trial court's verdict, because it properly concluded Brandon was competent to testify, and the verdict was supported by both legally sufficient evidence and the manifest weight of the evidence.
Fullerman alleges in her first assignment of error: "The trial court erred in finding that Brandon Burt was competent to testify."
Fullerman argues that Brandon, age 9, should not have been declared competent to testify by the trial judge. Children under age ten are presumptively incompetent to testify. State v. Morgan (1986),31 Ohio App.3d 152, 153, citing State v. Wilson (1952), 156 Ohio St. 525,529-530. However, the presumption is rebuttable. Morgan, supra at 154. Evid. R. 601 provides:
Every person is competent to be a witness except:
 (A) those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
The competency of a minor is determined by:
 1) the child's intellectual capacity to observe, recollect and communicate events accurately; and,
 2) the child's comprehension of the obligation to tell the truth.
State v. Willar (Jan. 10, 1991), Columbiana App. No 88-C-57, 89-C-59 at 2, unreported.
We first address the appropriate standard of review to apply to a trial court's decision regarding the competency of a witness to testify. Because determination of competency is in the sound discretion of the trial judge, State v. Frazier (1991), 61 Ohio St.3d 247, 251, we may not disturb the trial court's determination absent a clear showing of an abuse of discretion. State v. Kirk (1987), 42 Ohio App.3d 93, 94 citingState v. Workman (1984), 14 Ohio App.3d 385, 389. The reason for such deference is the trial court is in a better position to observe the child's appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers,Kirk, supra at 94 citing Wilson, supra at 532.
The trial court must conduct a voir dire examination of witnesses who are minors. Frazier, supra at 250-251, see also State v. Payton (1997),119 Ohio App.3d 694. Through questioning, the judge must decide whether the child is capable of receiving impressions of facts and events and accurately relating them. Frazier, supra at 251. The child should also demonstrate the ability to distinguish truth from falsehood and be able to reasonably identify the consequences of giving false testimony.Morgan, supra at 155. Failure to conduct a voir dire is error when a child is presented to the court and the fact is revealed that the child has not reached age ten. Morgan, supra at 154.
First, Fullerman argues the voir dire of Brandon conducted by the trial court was too limited and did not meet the criteria set forth inFrazier. Voir dire examinations should consist of questions to elicit answers from the child which the court can use to test competency.Morgan, supra at 154. There is no case law requiring a specific number of questions or questions on specific subjects. A review of the voir dire conducted by the trial court demonstrates several topics were discussed with the child: what a trial is, what it means to swear to tell the truth, what happens when a person lies, and what perjury means. Following this questioning, the judge was confident in the child's answers and found the witness to be competent. Although no questions were posed regarding any past events that may have shown the ability to recall, the record demonstrates the judge had the opportunity to continue to evaluate competency as he watched and listened during Brandon's testimony.Morgan, supra at 157. Additionally, O.R.C. § 2317.01 allows any party to submit questions for use in determining whether a child is competent. Although the court is not required to use the questions, nothing in the record shows an effort by Fullerman to submit such questions.
Second, Fullerman argues Brandon knew it was important not to lie, but did not know what happened if he did lie, therefore he lacked an understanding of his responsibility to tell the truth. It is not required that the "child have ready, intelligent answers to such perplexing questions as `if you tell a lie, what happens to you' The crucial inquiry is the morality of speaking truthfully." Kirk, supra at 94, quoting Harville v. State (1980), 386 So.2d 776. The trial judge is in a far better position than an appellate court to determine a child's capacity for truth-telling. Morgan, supra at 156. The record reflects Brandon initially replied no to the question of "do you know what happens when you lie?" However, after the judge explained that he would get into trouble, Brandon indicated he understood.
Third, Fullerman argues Brandon's incompetency was evident in the trial when he testified, as did Hendrake, mace was sprayed into his right eye, but was treated at the hospital for his left eye. Inconsistencies in the statements of the child go to the credibility of the child as a witness, not to his competency. State v. Cobb (1991), 81 Ohio App.3d 179, 183. Once the competency of a witness has been determined, the credibility of the witness remains a separate question to be determined by the trier of fact. State v. Allen (1990), 69 Ohio App.3d 366, 374.
Brandon was nine years old at the time of trial, close to the age of competency. The incident occurred only four months before the trial. The judge conducted voir dire and was confident Brandon understood truth and falsity and the responsibility to tell the truth. Brandon understood the questions during direct and cross-examination and supplied intelligent answers, even when it was not to his best advantage, admitting getting into a fight with J.P. at lunch the day of the incident. He remembered phrases spoken by Fullerman to him the day of the confrontation, such as "if you mess with my son again you are going to be in deep, the S word", which was corroborated by Fullerman's own testimony when she declared "As far as saying deep S, I said deep cucca." Brandon's version of events was substantially corroborated by Hendrake who was a witness to the incident.
The record shows the trial court was very aware of the potential competency problems of the child witnesses in this case. Although it may not have been necessary, the trial court conducted voir dire of both Hendrake, age 10, and Thomas, age 10, to ensure their competency.
The trial court did not abuse its discretion in finding Brandon Burt competent to testify. Fullerman's first assignment of error is meritless.
In her second assignment of error Fullerman asserts: "The guilty verdict is legally insufficient and against the manifest weight of the evidence.
Fullerman argues the evidence presented is insufficient to support a guilty verdict for assault. R.C. § 2903.13 provides "No person shall knowingly cause or attempt to cause physical harm to another." Physical harm is defined in O.R.C. § 2901.01 as "any injury, illness or other physiological impairment, regardless of its gravity or duration."
Although lumped together, Fullerman has raised two separate assignments of error. Challenging a verdict based upon legally insufficient evidence is a distinct theory from asserting a verdict is against the manifest weight of the evidence, as the two are "quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380. Accordingly, we will discuss them as separate assignments of error.
With regard to Fullerman's assertion that the verdict is legally insufficient, the Ohio Supreme Court in Thompkins defined sufficiency as:
 "`* * * a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. * * *. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486,"
Id at p. 386.
When reviewing a trial court's decision on the basis of sufficiency of the evidence, the appellate court must determine whether the state's evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt, thereby supporting a conviction. Statev. Jenks (1990), 61 Ohio St.3d 259, syllabus paragraph two. As articulated by Justice Cook in her concurring opinion in Thompkins, in essence, the question to be resolved when challenging the legal sufficiency of a verdict is to determine whether the state has met its burden of production. In this case, the prosecution presented evidence, as discussed, supra, which, if believed, supports a conviction for misdemeanor assault. Fullerman's second assignment of error arguing the evidence was legally insufficient to support her conviction is meritless.
The balance of Fullerman's second assignment of error argues her conviction is against the manifest weight of the evidence. When reviewing a criminal conviction challenged on this basis, an appellate court in essence sits as a "thirteenth juror" and determines whether, considering all the evidence admitted at trial, the state has met its burden of persuasion and the conclusion reached by the trier of fact is supported by the "* * * inclination of the greater amount of credible evidence * * *". Thompkins, supra at p. 387, Cook, J., concurring at p. 390. A judgment of the trial court will be reversed as against the manifest weight of the evidence only where it appears the trier of fact clearly lost its way, in order to correct a "manifest miscarriage of justice".Thompkins, Id. Because reversals based upon the manifest weight are for exceptional circumstances, as the Supreme Court held in Thompkins, Section 3(B)(3), Article IV of the Ohio Constitution mandates the unanimous concurrence of all three judges on the reviewing panel. Thus, Fullerman will prevail upon appeal if this panel unanimously concludes the trial court, as the trier of fact clearly lost its way, and finding Fullerman guilty of misdemeanor assault is not supported by the greater amount of credible evidence.
First, Fullerman argues that a trier of fact could not conclude the two prosecution witnesses, Brandon and Hendrake, were credible. Both boys testified to mace being sprayed in Brandon's right eye, while the hospital records disclosed and Ursula testified the injury was to the left eye. Inconsistencies in accounts of the event go to the credibility of witnesses, and it is well established determining the credibility of trial witnesses is primarily the responsibility of the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230. Additionally, Fullerman, a licensed practical nurse, testified a hospital would check both eyes of a patient complaining of mace in the right eye. Therefore it was within the court's discretion to believe the witnesses, regardless of the discrepancy.
Second, Fullerman denies spraying mace on Brandon, and argues the testimony of Thomas corroborates this. The hospital records diagnosed Brandon with chemical conjunctivitis. Conjunctivitis is an irritation of the eye commonly called `pink eye', and in most circumstances caused by a virus or bacteria. In this instance, however, the medical report listed it as a chemical irritant. Fullerman testified she was never within ten feet of Brandon when she allegedly sprayed the mace. Thomas testified he saw Fullerman get "five or ten inches away" from Brandon. To demonstrate the distance Thomas was indicating, counsel for the state walked up to Thomas in the courtroom asking when to stop to equal the distance, and Thomas stopped him about two to three feet away. Fullerman contributes this difference in distance to the fact that Thomas was watching from across the street, and because he is ten years old and cannot estimate feet. Thomas also testified he saw Fullerman point at Brandon and Hendrake but was unable to see if anything was in her hand.
Third, Fullerman argues undisputed evidence was presented that the mace canister would not spray due to its age, and, therefore, she could not have sprayed Brandon. Fullerman testified that since the incident, she tried to work the canister and was unable to do so, and when she contacted the mace company, she was told the canister would not spray two years after its expiration date, in this case December of 1993, and the incident took place May 13, 1999. However, Mary Jo Zatchok, a witness for the defense and Fullerman's neighbor, testified she bought the mace canister for Fullerman at the same time she bought one for herself, and she had to throw her own out a month prior to the trial because it "went off accidentally in the car" spitting down the side of the canister. As for Fullerman's canister, fluid was released onto state counsel's hand when he attempted to operate it. There was no testimony about whether the chemical itself was neutralized or whether it could still cause irritation.
Testimony of circumstances does not guarantee the trier of fact will believe it. The trier of fact is free to believe all, part, or none of the testimony of each witness. State v. Singletary (Dec. 9, 1999), Mah. App. No. 98 C.A. 107 at 3, unreported citing State v. Jackson (1993),86 Ohio App.3d 29, 33. The trial court, sitting as the trier of fact, was in the best position to judge credibility and was entitled to believe or disbelieve witnesses.
The record reveals the state has met its burden of persuasion. The greater amount of credible evidence supports the finding that Fullerman knowingly caused physical harm to Brandon by spraying him with mace. Brandon and Hendrake's account of the event is corroborated by the medical report diagnosing Brandon with chemical conjunctivitis. Predominantly, the deciding factor in the present case relies on the determination of witness credibility. In this case, we must defer to the trial court's judgment on those witnesses' character traits relating to truthfulness. State v. Gore (1999), 131 Ohio App.3d 197, 200. The trial court was entitled to find the testimony of Brandon and Hendrake more credible than that of Fullerman. It cannot be said that the trial court clearly lost it's way, as the trier of fact, in reaching this verdict. Fullerman's second assignment of error is meritless.
For the foregoing reasons, we find all of Fullerman's assignments of error are meritless. Accordingly, the decision of the trial court is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs.