{¶ 1} Appellant, L.M., [1] appeals his delinquency finding from the Cuyahoga County Court of Common Pleas, Juvenile Division. Finding no error in the proceedings below, we affirm.
 {¶ 2} In March 2007, a two-count delinquency complaint was filed against appellant. Appellant was charged with one count of kidnapping and one count of rape. The complaint arose out of accusations by appellant's five-year-old niece that appellant forced her to perform oral sex on him.
 {¶ 3} A hearing was held to determine whether the victim, E.C., was competent to testify. The court conducted the voir dire, and at the conclusion of the hearing found that E.C. was competent to testify.
 {¶ 4} At trial, S.M., who is nine years old, testified that she was at her aunt's house playing with her cousins. S.M. was told to go find E.C, who is her five-year-old cousin. S.M. testified that she went upstairs to find E.C. She checked several rooms and then went to appellant's room, which was locked. S.M. testified that she unlocked the door with her fingernail and saw appellant lying on his back, with his pants open and E.C. between his legs. S.M. testified that E.C. was by appellant's "privates." She testified that appellant saw her, and then S.M. told E.C. to come *Page 4 
downstairs. She also testified that E.C. told her that appellant made her "suck his privates."
 {¶ 5} S.M. went downstairs with E.C. and told E.C.'s older sister because E.C.'s mother was not home. She told E.C.'s mother when she arrived home from work.
 {¶ 6} E.C. testified that she was five years old. She testified that she went into her brother and appellant's room to get her purse. She said appellant put his hand on her head and pushed her. E.C. testified that appellant made her put her head by "his private parts." E.C. testified that appellant made her "do sex with him." She testified that she told her sister, her brother, her cousin, and her mother. E.C. testified that the police came and she was taken to the hospital. Appellant testified on his own behalf. He denied that he did anything to E.C. other than push her out of his room. He testified that she always came in his room to bother him and he constantly had to tell her to get out.
 {¶ 7} The trial court found appellant delinquent of rape and not delinquent of kidnapping. Appellant was committed to the Ohio Department of Youth Services. Appellant appeals, advancing four assignments of error for our review. Appellant's first assignment of error states the following:
 {¶ 8} "I. The trial court erred when it found [the victim], age five, competent to testify in violation of Evidence Rule 601(A); Fifth andFourteenth Amendments, United States Constitution; Article I, Section 16, Ohio Constitution." *Page 5 
 {¶ 9} Appellant argues that E.C. was not competent to testify because she had difficultly relating the basic events of her life, she could not say who was charged in this case, she could not articulate what a lie was, and she could not remember when the incident occurred.
 {¶ 10} Since defense counsel did not object to the child's testimony, we review under a plain error standard. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial would clearly have been different. See Crim. R. 52(B).
 {¶ 11} Ohio Evid. R. 601 sets out the general rule of competency for all witnesses. It states that every person is competent except "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." A plain reading of the rule clearly indicates that, regardless of age, only those incapable of receiving just impressions of the facts and transactions respecting which they are examined are deemed incompetent. It is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. State v. Wilson (1952), 156 Ohio St. 525. Nevertheless, a trial court may allow the prosecutor to conduct the voir dire. State v.Frazier (1991), 61 Ohio St.3d 247, 251.
 {¶ 12} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate *Page 6 
impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." Id.; see, generally, Annotation (1988), Witnesses: Child Competency Statutes, 60 A.L.R.4th 369.
 {¶ 13} A trial court is given wide latitude in determining whether a prospective witness is competent to testify. State v. Clark,71 Ohio St.3d 466, 469, 1994-Ohio-43. The trial judge has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor, and the ability to relate the facts accurately and truthfully.
 {¶ 14} Here, the court questioned the five-year-old, E.C., observed her demeanor, and found her competent. At the competency hearing E.C. was able to tell the judge her birthday, her age, her street address and the name of the city in which she lived, her parents' and siblings' full names (and offered to spell them, too), her home telephone number, her dad's phone number, the name of her school, her grade level, the location of her fifth birthday party, and details of that party. In addition, the court asked E.C. repeatedly about telling the truth and telling a lie. The record contains four pages of transcript regarding E.C.'s understanding of the truth and a lie. E.C. repeated over and over that it was bad to tell a lie and that she would get "a whooping" from her mother or grandfather if she told a lie. She also indicated *Page 7 
that it was good to tell the truth and that she would not get punished if she told the truth.
 {¶ 15} A five-year-old will rarely, if ever, be a perfect witness. Nevertheless, this five-year-old was capable of receiving and relating accurate impressions of fact. Further, although E.C. could not define what a lie is, she certainly knew what it meant to tell a lie and that there were consequences when she did not tell the truth. Articulating Webster's definition of a "lie" is not required. Neither is knowing the ins and outs of the legal system a requirement to testify. Finally, knowing the exact date of when a particular incident occurred is not required. We note, for that matter, that E.C. indicated that the incident occurred while she was in kindergarten, not before. Finally, inconsistent testimony goes to the weight of the evidence and the credibility of the witness, and does not in itself render a witness incompetent to testify. We find no plain error as to the court's determination that E.C. was competent to testify. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} Appellant's second assignment of error states the following:
 {¶ 17} "The trial court committed plain error when it accepted testimony from S.M., a nine-year-old child, without first conducting a voir dire of the witness' testimony."
 {¶ 18} Under this assignment of error, appellant contends that the trial court committed plain error when it did not conduct a separate competency hearing for *Page 8 
S.M. Appellant argues that S.M. was incompetent to testify because her testimony was inconsistent and conflicted with E.C.'s testimony.
 {¶ 19} The Supreme Court of Ohio has stated that "a witness under the age of ten is not presumed incompetent, but rather, the proponent of the witness's testimony bears the burden of proving that the witness is capable of receiving just impressions and relating them truthfully." (Emphasis added.) State v. Clark, 71 Ohio St.3d 466, 469, 1994-Ohio-43. Although it is the duty of the trial court to determine if a child is competent to testify, it is not reversible error for counsel, without judicial participation, to conduct a competence examination. State v.Morgan (1986), 31 Ohio App.3d 152, 155; see, also, State v. Hendrix
(Aug. 26, 1993), Cuyahoga App. No. 63566. In fact, the Ohio Supreme Court did not find error when the trial court permitted counsel to examine the child witness on voir dire in Frazier, 61 Ohio St.3d at 251.
 {¶ 20} The court stated in Morgan, supra:
 "The issue of a witness' competence to testify may be likened to other issues of admissibility. See, generally, Evid. R. 104(A). The threshold of admissibility is low, reflecting a policy of favoring the admission of relevant evidence for the trier of fact to weigh as opposed to preliminary admissibility determinations which prevent relevant evidence from reaching the trier of fact at all. See Evid. R. 402. In the same fashion, a child witness' competence to testify is measured by the standard of whether the child is able to receive just impressions of facts and to relate these impressions truly. Evid. R. 601(A). If the child meets that minimal standard, the testimony of the child is received into evidence for the trier of fact to weigh. * * * A voir dire examination should *Page 9 consist of questions designed to elicit from the child answers which the court can use to test competence. From the case law it is clear that a child should demonstrate the ability to distinguish truth from falsehood. The child should also be able to reasonably identify the consequences of giving false testimony."
 {¶ 21} In this instance, the prosecutor asked a series of questions that established S.M.'s competency prior to eliciting testimony regarding the alleged incident. We find that the record supports that the nine-year-old was competent to testify. S.M. related her name, age, birthday, where she went to school, what grade she was in, and what her favorite class was. She also indicated that she knew the difference between telling the truth and telling a lie and that she was in court to tell the truth. Her competence was established prior to her testimony regarding the case at hand.
 {¶ 22} Further, when "examining the record to determine the issue of a witness' competency to testify, the appellate court may give weight to the fact that the error occurred in a trial to the court, rather than in a jury trial. A trial judge is presumed to have only considered the relevant, material and competent evidence in arriving at a decision unless the contrary affirmatively appears from the record." State v.Hendrix (Aug. 26, 1993), Cuyahoga App. No. 63566.
 {¶ 23} We find that the trial court did not err when it allowed S.M. to testify. Further, we find that it was not prejudicial to appellant to allow the state to voir dire the child witness to establish her competency immediately prior to her testimony. Failure to have a separate hearing for competency was not prejudicial in this case. *Page 10 
We find no plain error occurred; therefore, appellant's second assignment of error is overruled.
 {¶ 24} Appellant's third and fourth assignments of error state the following:
 {¶ 25} "The trial court violated [appellant's] right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution and Juvenile Rule 29(E)(4) when it adjudicated him delinquent of rape absent proof of every element of the charge against him by sufficient, competent, and credible evidence."
 {¶ 26} "The trial court violated [appellant's] right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution when it adjudicated him delinquent of rape, when that finding was against the manifest weight of the evidence."
 {¶ 27} Under these two assignments of error, appellant argues that the children were not competent to testify and their testimony was inconsistent and conflicting.
 {¶ 28} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. *Page 11 
 {¶ 29} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) Id. at 68.
 {¶ 30} R.C. 2907.02(A)(1)(b) states that "[n]o person shall engage in sexual conduct [including fellatio] with another who is not the spouse of the offender * * * when * * * the person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 31} As previously stated, we find that the two children were competent to testify. Consequently, their testimony was admissible. At trial, S.M. testified that she walked into her cousin's room and saw appellant lying on his back, with his pants open and E.C. between his legs. S.M. testified that E.C. was by appellant's "privates." She also testified that E.C. told her that appellant made her "suck his privates." E.C. testified that she was five years old. E.C. testified that appellant made her put her head "by his private parts." E.C. testified that appellant made her "do sex with him." *Page 12 
 {¶ 32} We find that the evidence was sufficient to find appellant delinquent of rape and the delinquency finding was not against the manifest weight of the evidence. Accordingly, appellant's third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., CONCURS; MARY EILEEN KILBANE, J., CONCURS IN JUDGMENT ONLY
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases. *Page 1