[Crim. No. 43514. Second Dist., Div. Two. Sept. 16, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE WILLARD, Defendant and Appellant.

COUNSEL

Michael J. Udovic, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Carol Wendelin Pollack and Robert R. Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BEACH, J.—

NATURE OF APPEAL:

A jury found appellant guilty of robbery while armed. He appeals claiming error in refusing his request to voir dire the victim-complaining witness to determine his competency.

FACTS:

The evidence clearly established that one night appellant asked victim, whom he had met two weeks earlier, to help get appellant's car started. When appellant and victim arrived at the car, he was robbed of cash and several diamond rings by appellant and a waiting accomplice. In language of the street, victim had been "setup." Appellant knew of victim's unusual habit of wearing diamond rings on all his fingers.

Victim also testified that the accomplice suggested cutting off victim's hand or fingers to remove the rings after first robbing him, that appellant and the accomplice returned in a few minutes and took cash and rings from his pockets, and that the accomplice (the gunman) suggested killing victim at a junkyard.

Victim also testified about attempts on his life by strangers and acquaintances by spiking his drinks, a rape and attack on his daughter to persuade her to also spike victim's drinks and an anonymous phone call to dissuade victim from testifying in court.

DISCUSSION:

Before victim took the witness stand, defendant counsel moved to voir dire victim to determine his competence to testify. Counsel stated to the court that the previous trial[1] record showed that victim personally believed that after the robbery there was a conspiracy to kill him by spiking his drinks with PCP. Defense counsel characterized victim's statement as "outrageous," necessitating a voir dire examination of victim to bring out his "present insanity or past insanity." The trial court denied the motion stating that the matter could be explored during cross-examination.

Defendant contends the trial court thus committed reversible error.

Evidence Code section 701 provides that a person is disqualified to be a witness if he is (1) incapable of expressing himself regarding the matter so as to be understood, or (2) incapable of understanding his duty to tell the truth. ■ A witness is presumed competent absent a showing to the contrary. (*People* v. *Knox* (1979) 95 Cal.App.3d 420, 431 [157 Cal.Rptr. 238].) The competency of a witness is to be determined by the trial court, whose decision is not to be disturbed in the absence of a clear abuse of discretion. (*Ibid.*; *People* v. *Blagg* (1970) 10 Cal.App.3d 1035, 1039 [89

---

[1]Appellant had been found guilty of the same charge in a prior trial but had been granted a new trial.

Cal.Rptr. 446].) The witness' competency depends upon his *ability* to perceive, recollect and communicate; whether he did so accurately and truthfully is a question of credibility to be resolved by the trier of fact. (*People* v. *McCaughan* (1957) 49 Cal.2d 409, 421 [317 P.2d 974]; *People* v. *Knox, supra,* 95 Cal.App.3d at p. 431.)

The fact that a witness has made inconsistent and exaggerated statements does not indicate an inability to perceive, recollect and communicate or to understand his duty to tell the truth. (*People* v. *Knox, supra,* 95 Cal.App.3d 420, 431.) Nothing in the witness' testimony raised a substantial question as to his competency to observe and relate the events he witnessed. In fact, the trial court described the witness' testimony as "credible," and noted his ability to give "a slow, deliberate, detailed story as to what happened."

The trial court should deny a motion to voir dire a witness regarding his competency when made on the basis of nothing more than defense counsel's characterization of the witness' prior statements regarding his fears, or the strangeness or unusualness of the events such as at bench, or when made to inquire into other matters which are the proper subjects of cross examination. Not only is the determination of competency itself but the granting or denial of such a motion as at bench is also within the sound discretion of the trial judge. The exercise of that discretion will not be disturbed absent a clear showing of abuse.

We find no error in the trial court's denial of defendant's motion to voir dire the witness regarding his competency.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.