[No. A037948. First Dist., Div. Three. May 4, 1988.]

In re KATRINA L., a Person Coming Under the Juvenile Court Law.
SAN MATEO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v.
CHARLES M., Defendant and Appellant.

COUNSEL

Steven B. Solomon, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas F. Casey III, County Counsel, and George A. Miram, Jr., Deputy County Counsel, for Plaintiff and Respondent.

OPINION

WHITE, P. J.—Appellant Charles M. (hereafter appellant) appeals from the order of the Superior Court of San Mateo County, sitting as a juvenile

court, adjudging the minor, Katrina L. (hereafter minor),[1] to be a dependent child of the court. (Welf. & Inst. Code, § 300, subd. (d).) Appellant contends on appeal that: (1) the trial court abused its discretion by refusing to grant appellant's motion for a continuance of the jurisdictional hearing and (2) the admissible evidence was insufficient to support the juvenile court's order. We have found no merits to these contentions and therefore affirm the order.

On August 14, 1986, the minor was brought to Chope Hospital by her aunt after her aunt noticed that the minor had vaginal discharge and that her vagina appeared to be dilated. Dr. Harvey Kaplan conducted a physical examination of the minor which revealed physical evidence of chronic sexual molestation. On August 14, 1986, the minor was placed in a shelter care home where she remained until the completion of the jurisdictional and dispositional hearings on January 16, 1987.

On August 18, 1986, the San Mateo Department of Social Services (hereafter respondent) filed a petition with the juvenile court requesting a dependency hearing pursuant to Welfare and Institutions Code section 300, subdivision (d),[2] which states in pertinent part: "Any person under the age of 18 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court: . . . [¶] (d) Whose home is an unfit place for him by reason of neglect, cruelty, depravity, or physical abuse of either of his parents . . . in whose custody or care he is." Respondent alleged that the minor's home "became an unfit place for her by reason of sexual abuse by the father [appellant]. . . ." On August 19, 1986, the juvenile court ordered that the minor be detained in respondent's custody and the next hearing was set for August 28, 1986. On August 28, 1986, appellant denied the allegations of the petition and the matter was continued to September 22, 1986, for a jurisdictional hearing. On September 22, 1986, appellant's counsel requested by telephone a continuance which was granted and the jurisdictional hearing was continued to October 8, 1986. The court granted respondent's request for another continuance due to unavailability of witnesses and continued the matter to December 3, 1986.

On December 3, 1986, the juvenile court read and considered the social study report prepared by the social worker. Respondent then called the minor as its witness and requested she be allowed to testify in chambers as she "is likely to be intimidated in a formal courtroom setting . . . ." The court ruled that the minor could testify in chambers outside the presence of

---

[1] The minor was born on September 24, 1982.

[2] All further code references are to the Welfare and Institutions Code, unless otherwise indicated.

appellant. The minor was brought into the judge's chambers and questioned by counsel for respondent and appellant. At the outset of direct examination, respondent's counsel stated (or asked), "Now you can tell the judge the truth, okay?" The minor responded, "Okay." On direct examination, the minor testified that her father (appellant) had touched her vaginal area with his hand and his "thing." The "thing" was located between appellant's legs. The minor further testified that appellant put his "thing" inside of her and that the touching hurt her. At the same hearing, Dr. Harvey Kaplan testified as to the minor's physical manifestations of sexual abuse. Dr. Kaplan testified that he examined the minor and determined that the minor's vagina was dilated and her hymen was thinned out with smooth edges. The minor's skin directly adjacent to her anus was "darkened in color." The minor's anus had ulcerated types of lesions. The doctor testified that the physical condition of the minor was compatible with the child being repeatedly penetrated in an abusive manner.

Appellant moved for a continuance at the December 3 hearing in order that the transcript of the minor's testimony could be prepared and reviewed. The court granted a continuance until December 15, 1986. On December 15, 1986, appellant again moved for and was granted a continuance on the ground that insufficient time had been provided to review the transcript of the minor's testimony.

At the December 23, 1986, hearing appellant moved for and again was granted a continuance over respondent's objection. Appellant's ground for his motion for a continuance made at the December 23 hearing was that he wished to resolve pending criminal proceedings (involving the same sexual abuse of the minor that is the basis for the proceeding under consideration in this case) before testifying at the jurisdictional hearing. The juvenile court judge stated after granting this last continuance that no further continuances would be granted. Despite this statement by the judge, on January 16, 1987, appellant moved for a continuance pursuant to section 352 until the completion of appellant's criminal prosecution. Section 352 provides in relevant part: "(a) . . . the court may continue any hearing [in a dependency action] beyond the time limit within which the hearing is otherwise required to be held, provided that no continuance shall be granted that is contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements. [¶] Continuances shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the evidence presented at the hearing . . . . [N]either a pending criminal prosecu-

tion nor family law matter shall be considered in and of itself as good cause."

The court denied appellant's motion for a continuance stating: "This matter has been pending a long time . . . ." Respondent made an offer of proof stating that the minor's counselor was present and that if the counselor testified, she would state that another continuance would be contrary to the interest of the minor. Appellant's counsel did not request that the minor's counselor testify. Whereupon the court heard final arguments, sustained the allegations of the petition, found that appellant had molested the minor and declared that the minor was a dependent child of the court.

■■■ On appeal, appellant contends that the juvenile court abused its discretion by not granting appellant's continuance for the following reasons: (1) the court had granted a continuance on December 23, 1986, for three weeks because appellant's criminal trial was pending; (2) the juvenile court still had time to complete the dispositional hearing within the statutory time limit of six months; and (3) the denial of the continuance was against appellant's fundamental right to custody of his child and privilege against self-incrimination.

Appellant's first contention that the trial court had granted a continuance earlier on December 23, 1986, based on appellant's pending criminal prosecution, is accurate. However, when the juvenile court judge granted the continuance he expressed his concern, "The court will order—we will proceed—next hearing there will be no further continuances. I'm getting concerned about the length of the time and the effect on the minor being in shelter care that long."

Second, although the juvenile court had time to complete (one more month) the dispositional hearing, the juvenile court is not obligated to take the full six months to complete the hearing.[3] Indeed, the judge earlier had expressed its concern about the length of time and warned that he would not grant another continuance.

---

[3] In addition to the quoted language of section 352 in this opinion, section 352 further provides in subdivision (b) that the court shall not grant any continuances that would result in the completion of the dispositional hearing, in which the court determines limitations on and grounds for the removal of the minor from the parent's custody, more than *60 days* after the initial petition hearing at which the child was ordered removed from the parent unless the court finds exceptional circumstances requiring such a continuance. In no event shall the court grant continuances that would cause the dispositional hearing to be completed more than *six months* after the initial petition hearing. In other words, the court may grant continuances where exceptional circumstances have been shown but may not exceed the six-month limitation in which the dispositional hearing must be completed.

Appellant relies upon *In re Dolly A.* (1986) 177 Cal.App.3d 195 [222 Cal.Rptr. 741], to support his position that the denial of the continuance violated appellant's right to custody of his child and his privilege against self-incrimination. In *In re Dolly A.*, the court held: "[W]here denial of a continuance forced defendant to elect between giving up his right not to be deposed as a criminal defendant and his right to testify on his own behalf in the proceeding to deprive him custody of his daughter, we find it was an abuse of discretion to deny the continuance. The risk of possible injury to Dolly [the minor] was relatively slight, whereas the infringement upon defendant's rights was a clear and serious danger." (*Id.,* at p. 201.)

Appellant, in analogizing *In re Dolly A.* with the instant case, argues that there was no demonstrable harm to the minor's interest by continuing the jurisdictional hearing, but there was harm to appellant—he had to forego his "constitutional right to testify and defend himself" in the dependency proceeding in order to preserve his right against self-incrimination.

In *In re Dolly A.* the court based its decision on the 1982 version of section 352. (Stats. 1982, ch. 978, § 16, p. 3534.) Section 352 was amended in 1986 which became effective January 1, 1987. (Amended by Stats. 1986, ch. 1122, § 8, p. 753.)[4] The 1986 amendment was in effect at the time appellant in the present case requested the last continuance on January 16, 1987. Since *In re Dolly A.* was based on the 1982 version of section 352, that decision is not persuasive authority in the instant case which is based on the 1986 version of section 352.

However, an issue raised in *In re Dolly A.* and the present case deserves our attention. In *In re Dolly A.* the appellant argued the he was "forced to elect whether to testify at the dependency proceeding and run the risk that his testimony would be used either directly or indirectly in his criminal prosecution or to decline to testify and forego defending his rights to custody . . . ." (*In re Dolly A., supra,* 177 Cal.App.3d at p. 200.) The court agreed with appellant's argument that the validity of former section 355.7 (Stats. 1982, ch. 978, § 18) was unclear following the adoption of Proposition 8 in 1982. (*Ibid.*) Former section 355.7 provided that the testimony of a parent in a dependency proceeding brought under section 300, subdivision (d), "shall not be admissible as evidence in any other action or proceeding." Proposition 8, known as "The Victims' Bill of Rights," is embodied in article I, section 28, of the California Constitution. Subdivision (d) of section 28 (hereafter section 28, subdivision (d)), entitled "Right to Truth-in-

---

[4]The 1986 amendment to section 352 added the following provision to the section: "Continuances shall be granted only upon a showing of good cause . . . . [N]either a pending criminal prosecution nor family law matter shall be considered in and of itself as good cause."

Evidence," which provides in pertinent part: "Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege . . . ."

In 1987, the California Legislature repealed former section 355.7 but included its exact language in section 355.1, subdivision (d), effective January 1, 1988. The Legislature's retention of the language of section 355.7 following the adoption of section 28, subdivision (d), illustrates the statute's validity as a bar to the introduction of a parent's testimony at a dependency hearing "in any other action or proceeding."

A parent involved in a juvenile dependency proceeding should have the opportunity to testify on his or her behalf and his or her testimony should not be given at the expense of the privilege against self-incrimination. Indeed, section 355.7 was enacted to render testimony given by a parent in a dependency hearing inadmissible at a subsequent criminal proceeding. ■ Although *judicially* created rules which were created to protect the state's constitutional right against self-incrimination have been abrogated by the decision of the California Supreme Court in *People* v. *May* (1988) 44 Cal.3d 309 [243 Cal.Rptr. 369, 748 P.2d 307], section 28, subdivision (d), does not abrogate *statutory* rules such as section 355.1, which were enacted to protect a person's privilege against self-incrimination. ■ Therefore, former section 355.7 and section 355.1 protect a parent's privilege against self-incrimination since a parent's testimony in a dependency proceeding may not be used in a subsequent criminal prosecution. Thus, the juvenile court did not abuse its discretion in denying appellant's motion for a continuance of the jurisdictional hearing until the criminal prosecution against him had been concluded.

Appellant's second main contention is that the admissible evidence was insufficient to support the juvenile court's determination adjudging the minor to be a dependent child of the court and placing her with a nonparent. Appellant argues that the testimony of the minor may not be considered in determining whether sufficient evidence supports the juvenile court's determination since said evidence was inadmissible for the following reasons: (1) the minor's testimony in chambers did not meet procedural requirements and (2) the minor was an incompetent witness.

■ Appellant's contention that the minor's in chambers testimony was improper is based on section 350, which provides that "(a) The judge of the

juvenile court shall control all proceedings . . . with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought. Except where there is a contested issue of fact or law, the proceedings shall be conducted in an informal nonadversary atmosphere . . . [¶] (b) The testimony of a minor may be taken in chambers and outside the presence of the minor's parent or parents, if the minor's parent or parents are represented by counsel, the counsel is present and any of the following circumstances exist: [¶] (1) The court determines that testimony in chambers is necessary to ensure truthful testimony. [¶] (2) The minor is likely to be intimidated by a formal courtroom setting. [¶] (3) The minor is afraid to testify in front of his or her parent or parents."

On appeal, this court will view the juvenile court record most favorable to the court's order. (*In re Biggs* (1971) 17 Cal.App.3d 337, 340 [94 Cal.Rptr. 519].) So viewed, the record reveals the following: The district attorney moved that "the minor be allowed to testify in chambers as the minor has been and is likely to be intimidated in the formal courtroom setting . . . ." The appellant asked for a "predetermination on that . . . and some foundational determination whether there would be harm and those have to be made on competent evidence not just offers of proof." The court granted the district attorney's motion stating: "[T]here is sufficient information for the release at least prima facie case from the reading of the jurisdictional facts set forth."

California Rules of Court, rule 1365(d), which is based on *In re Biggs, supra,* 17 Cal.App.3d 337, states in pertinent part: "A . . . social worker's report, including any social study, containing information relevant and material to the jurisdiction hearing is admissible if, on request of the parent . . . [the] social worker is made available to be cross-examined . . . ." Accordingly, in *In re La Shonda B.* (1979) 95 Cal.App.3d 593, 601 [157 Cal.Rptr. 280], the court held that the court may consider the social study report before determining jurisdiction when the court relied on the report and the social worker was available for cross-examination. ■ Similarly, in this case, it was proper for the court to rely on statements in the social worker's report in determining whether there was a basis for in chambers testimony pursuant to section 350. Furthermore, Ms. Pestano, the social worker, was available for cross-examination.

Appellant correctly distinguishes the present case from *In re Mary S.* (1986) 186 Cal.App.3d 414 [230 Cal.Rptr. 726], and *In re Tanya P.* (1981) 120 Cal.App.3d 66 [174 Cal.Rptr. 533], in that the minors in these cases expressly indicated their fear of testifying in front of their parents and their

attorneys failed to object. However, in *In re Stanley F.* (1978) 86 Cal.App.3d 568 [152 Cal.Rptr. 5], which was cited with approval in *In re Mary S., supra,* 186 Cal.App.3d at page 418, the minor did not indicate a fear of testifying, yet the court allowed him to testify in chambers. The court reasoned: "[W]herein counsel for all parties were present when the minor testified and his testimony was transcribed by a reporter, and counsel for the mother was afforded an opportunity to discuss such testimony and proceed further, the court did not abuse its discretion in excluding the other parties while the minor testified." (*In re Stanley F., supra,* 86 Cal.App.3d at p. 575.)

■ Similarly, in the present case, the minor did not expressly state her fear of testifying; however, appellant's counsel was present while the minor testified, the testimony was transcribed and appellant had an opportunity to discuss the minor's testimony with his attorney.

■ Appellant next contends that the minor was an incompetent witness and therefore her testimony was inadmissible. ■ Respondent contends that this issue has been waived because appellant failed to make a timely objection in the lower court, citing *People v. Singh* (1920) 182 Cal. 457, 484 [188 P. 987].

However, closer examination of the record indicates that appellant's counsel did object to the minor's competency. After respondent's attorney asked his first substantive question and the minor answered, appellant's counsel objected and asked whether there needed to be established "foundational argument first . . . ." The court responded that this was unnecessary and the finding need be made "[o]nly after she has testified. I don't understand why they made that change but—they did make that change in the code." Indeed, Evidence Code section 701, subdivision (b), was amended in 1985, stating: "In any proceeding held outside the presence of a jury, the court may reserve challenges to the competency of a witness until the conclusion of the direct examination of that witness." In the present case, the judge was very likely conforming with the amended Evidence Code section 701, subdivision (b). Thus, it appears that appellant did challenge the minor's competency in the juvenile court. However, counsel for appellant failed to renew his challenge at the conclusion of the minor's direct testimony. The general rule is that when a party does not secure a ruling on his objection in the trial court, the objection is waived. (*Imperial Cas. and Indem. Co. v. Sogomonian* (1988) 198 Cal.App.3d 169, 178, fn. 7 [243 Cal.Rptr. 639].) Nonetheless, we will briefly discuss the issue of the minor's competency.

■ In regards to the minor's competency to be a witness, the 1985 amendment to Evidence Code section 700 is very pertinent. Evidence Code

section 700 now provides: "Except as otherwise provided by statute, every person, irrespective of age, is qualified to be a witness and no person is disqualified to testify to any matter." The 1985 amendment to Evidence Code section 700 inserted "irrespective of age." Under Evidence Code section 701, subdivision (a)(2), "[a] person is disqualified to be a witness if" the person is "[i]ncapable of understanding the duty of a witness to tell the truth." In this case respondent's counsel asked (or told) the minor, "Now you can tell the judge the truth, okay?" The minor responded, "Okay." Further, the juvenile court judge necessarily found that the minor was not disqualified from being a witness when he stated: "The Court notes that as in most molestation cases, it's sometimes difficult to have proof of the commission of the act and here we had a young girl. The Court heard the testimony. Observed her demeanor. The Court was satisfied in the manner in which she testified and the subject matter that she testified about that she had been molested and the Court is also satisfied by clear and convincing evidence, in fact beyond a reasonable doubt, that the child had been molested by the father."

To support his argument that the minor was an incompetent witness, appellant points to inconsistencies in her testimony and to the fact that the minor indicated during her testimony that her foster parents may have suggested to her that her father hurt her. However, these facts go to the minor's credibility and not her competency to testify. (See *People* v. *Knox* (1979) 95 Cal.App.3d 420, 431 [157 Cal.Rptr. 238].) There is nothing in the record to indicate that the minor was disqualified from being a witness.

Appellant in his argument that the minor was an incompetent witness points out that the minor was not sworn before she testified. He then asserts that since there was no inquiry by the court as to her understanding of the obligation to tell the truth, her testimony was unreliable. Every witness before testifying shall take an oath to tell the truth. (Evid. Code, § 710.) Even a young child must be sworn. (*In re Heather H.* (1988) 200 Cal.App.3d 91 [246 Cal.Rptr. 38].) However, no constitutional provision is violated if unsworn testimony is received. If the adequacy of the oath taking is not raised in the trial court, the issue is deemed waived on appeal. (*Id.*, at p. 96) Appellant recognizes that his counsel did not object to the fact the minor was not sworn and that the issue has been waived. As noted above the minor was questioned about her duty to tell the truth although an oath was not administered. The fact that she was not sworn does not mean her testimony was unreliable. The quoted statement of

the juvenile court judge clearly indicates that he found the minor to be a reliable witness. The juvenile court judge was able to observe the demeanor of the minor and therefore is the best person to determine her reliability.

■ Appellant's final contention is that the evidence is insufficient to support the juvenile court's dispositional order removing the minor from her parents' custody.

■ The Court of Appeal in reviewing the sufficiency of the evidence in a juvenile court proceeding "must indulge in all reasonable inferences to support the findings of the juvenile court [citation], and we must also '. . . view the record in the light most favorable to the orders of the juvenile court.'" (*In re Luwanna S.* (1973) 31 Cal.App.3d 112, 114 [107 Cal.Rptr. 62].) ■ At the dispositional hearing where the court awards custody of a minor to a nonparent, the standard of proof is clear and convincing evidence that an award of custody to a parent would be detrimental to the child and that the award of custody to a nonparent is in the best interest of the child. (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1112 [200 Cal.Rptr. 789].)

■ In the present case, the juvenile court stated: "I have reviewed the report that was filed and the Court has heard the testimony of Katrina. . . . [t]he Court is also satisfied by clear and convincing evidence, in fact beyond a reasonable doubt, that the child had been molested by the father. [¶] There is physical evidence also to show, to which in effect, corroborates the child's testimony and also the testimony or the evidence relating to her emotional state, etc., which is in line with the child that has been molested."

The testimony of the minor supports the trial court's finding that she had been sexually abused by her father. The minor was examined by a doctor who testified that his findings regarding the minor's physical condition were the type of findings that have been reported in children who have been repeatedly molested or chronically penetrated. There is clear and convincing evidence that the minor was sexually abused by her father and such evidence supports the order adjudging the minor to be a dependent child of the court which order, thus, removed the minor from the custody of her parents.

The order is affirmed.

Barry-Deal, J., and Merrill, J., concurred.