[No. B022063. Second Dist., Div. Seven. Mar. 1, 1990.]

In re CRYSTAL J. et al., Persons Coming Under the Juvenile Court Law.
COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
JULIE J., Defendant and Appellant.

**COUNSEL**

Tony L. Cogliandro, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, Sterling Honea and Joe Ben Hudgens, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Julie J. appeals from the order declaring her children Crystal and Marshall dependents of the juvenile court. We conclude none of the issues raised are meritorious and affirm the judgment.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

On October 15, 1984, the director of the day care center attended by Marshall (also known as Jaime and so referred to in the remainder of this opinion) discovered six wounds on Jaime's back. The director suspected child abuse and commenced an investigation. The head of county juvenile medical facilities, Dr. Alleyne, examined Jaime and concluded the wounds resulted from intentionally inflicted cigarette burns.

On February 13, 1985, respondent filed petitions seeking to have Crystal and Jaime declared dependents of the juvenile court pursuant to Welfare and Institutions Code section 300, subdivisions (a) and (d).[1] Respondent

---

[1] All future statutory references are to the Welfare and Institutions Code unless we specify otherwise.

alleged Jaime suffered burns intentionally inflicted upon his body. Respondent further alleged the children were exposed to a violent altercation between Julie and her live-in companion, Jerry Koch. Respondent stated the children were subjected to physical abuse and neglect by Koch and neglect and cruelty by Julie and the children were previously declared dependents of the juvenile court in 1982.

On the hearing concerning Jaime, the parties stipulated Dr. Alleyne, if called to testify, would qualify as a medical expert and would testify she witnessed five circular marks on Jaime's spine which she considered were burns of a nonaccidental nature. The stipulation did not preclude Julie from introducing contrary medical evidence. The parties also stipulated Crystal and Jaime were previously declared dependents of the juvenile court and their father could not be located.

Julie admitted telling Crystal to call the police during an argument she had with Koch. Both children were home during that argument. Julie also acknowledged Koch grabbed her by the hair during that argument.

The trial court concluded the allegations concerning Jaime's burns were true. The trial court also found the children were subject to a violent altercation between Julie and Koch, their father could not be located and they were previously dependents of the juvenile court.

On the hearing concerning Crystal, the social worker assigned to the case, Ann Ach, testified Julie could not recognize child abuse and would not be in a position to protect her children in the future. Ms. Ach also testified the maternal grandmother was not an appropriate guardian because she believes in physical discipline and does not believe the children have been abused. The trial court also took judicial notice of the criminal case against Julie and Koch for child endangerment which resulted in a conviction and jail sentence for both defendants.

Julie's mother testified she would be willing to care for the children although she believed it would be best if Crystal and Jaime remained with their foster parents for the remainder of the school year.

The children informed the trial court they preferred to live in the foster home than with their mother. Jaime also told the court his mother hit him with a belt.

## DISCUSSION

### I. *There Was Sufficient Evidence to Sustain the Juvenile Court's Jurisdiction.*

 Julie argues there is no evidence to support the trial court's exercise of jurisdiction under section 300, subdivision (d).[2] This argument is meritless. The petition was filed in February 1985. The order from which Julie's appeals was entered on April 22, 1986. Throughout this period, section 300, subdivision (d) provided the juvenile court had jurisdiction where the home was unfit for the juvenile "by reason of neglect, cruelty, depravity, or physical abuse of either of his parents, or of his guardian or other person in whose custody or care he is." (Stats. 1982, ch. 977, § 2.5, p. 3503.) Julie does not argue, nor can she, there is insufficient evidence to find jurisdiction under this section.

Instead, Julie ignores the governing statute and relies upon section 300 as it was amended in 1987 to argue insufficiency of the evidence. The amended statute provides for jurisdiction under subdivision (d) where the "minor has been sexually abused, or there is a substantial risk that the minor will be sexually abused, . . . by his or her parent or guardian or a member of his or her household, or the parent or guardian has failed to adequately protect the minor from sexual abuse when the parent or guardian knew or reasonably should have known that the minor was in danger of sexual abuse." (Stats. 1987, ch. 1485, § 4.)

This amendment did not become operative until January 1, 1989. (Stats. 1987, ch. 1485, § 51, p. 49.) Accordingly, it has no application here. (See *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1208-1209 [246 Cal.Rptr. 629, 753 P.2d 585].)

### II. *Any Error in Sustaining Certain Hearsay Objections Was Nonprejudicial.*

 Julie argues the trial court erroneously sustained hearsay objections to statements made by Jaime to certain witnesses. Julie does not identify the specific hearsay objections nor does she argue any resulting prejudice.

Respondent identifies four hearsay objections concerning statements made by Jaime to a witness. Of those four, the trial court overruled one of the objections. The three remaining objections concerned similar questions

---

[2] Julie does not discuss the fact jurisdiction was also based upon section 300, subdivision (a).

regarding how Jaime was injured. The objections were sustained but the question was subsequently permitted because the statement by Jaime qualified as an excited utterance.

Absent a showing of prejudice, any error in sustaining the hearsay objections is not reversible. Since Julie failed to show prejudice here, nor did our independent review of the record disclose any prejudice, this argument is meritless. (See *Inouye* v. *McCall* (1939) 35 Cal.App.2d 634, 637 [96 P.2d 886].)

III. *The Trial Court Did Not Abuse Its Discretion in Holding Jaime Was Incompetent to Testify.*

■ Julie argues the trial court abused its discretion in holding Jaime was incompetent to testify. We disagree.

Generally, every person is qualified to be a witness, regardless of his age, provided he is competent to testify. (Evid. Code, § 700; *Adamson* v. *Department of Social Services* (1988) 207 Cal.App.3d 14, 20 [254 Cal.Rptr. 667].) A witness is not competent to testify if he is incapable of expressing himself concerning the matter to be understood or if he is incapable of understanding a witness's duty to testify truthfully. (Evid. Code, § 701; *Adamson* v. *Department of Social Services, supra,* 207 Cal.App.3d at p. 20; see 2 Witkin, Cal. Evidence (3d ed. 1986) Witnesses, § 1052, p. 999; 1 Johnson, Cal. Trial Guide (Matthew Bender 1989) Admissibility of Evidence: Rules, § 22.01[2], pp. 22-23.)

In determining whether a witness understands his duty to testify truthfully, it is unnecessary that the witness entertain a religious belief or have detailed knowledge of the oath. (*People* v. *Berry* (1968) 260 Cal.App.2d 649, 652 [67 Cal.Rptr. 312].) It is sufficient the witness understands "that some earthly evil will befall if the truth is not disclosed." (*Ibid.*) A trial court's determination concerning a witness's competency will not be reversed on appeal absent an abuse of discretion. (*Adamson* v. *Department of Social Services, supra,* 207 Cal.App.3d at p. 20; *People* v. *Willard* (1983) 155 Cal.App.3d 237, 239 [202 Cal.Rptr. 100].)

The trial court did not abuse its discretion here. Jaime, who was seven at the time of trial, repeatedly stated he did not know the difference between the truth and a lie.

Julie contends the trial court specifically found Jaime was testifying truthfully. This is not entirely correct. The trial court stated Jaime told the truth "as far as he told it, I don't think that is all there is."

Regardless, the test is not whether the witness is testifying truthfully, but whether the witness has the capacity to understand his duty to testify truthfully. (See *In re Katrina L.* (1988) 200 Cal.App.3d 1288, 1299 [247 Cal.Rptr. 754]; *Adamson* v. *Department of Social Services, supra,* 207 Cal.App.3d at p. 20; *People* v. *Hall* (1984) 157 Cal.App.3d 538, 545 [223 Cal.Rptr. 267].) Since there was evidence Jaime did not understand this duty, the trial court did not abuse its discretion in finding he was incompetent to testify.

IV. *The Trial Court Made the Requisite Finding That Returning Jaime and Crystal to Julie Would Be to Their Detriment.*

■ Julie argues the trial court failed to expressly find it would be detrimental to Crystal and Jaime if they were returned to Julie. This argument is meritless.

In the April 22 order declaring Jaime and Crystal dependents of the juvenile court, the trial court found: "Welfare of the minor requires that custody be taken from the parents guardians. . . . It would be detrimental for the minor to remain in the custody of the parents/guardians and no reasonable means exists to protect the minor's physical/emotional health without awarding physical custody to a nonparent/nonguardian."

DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.