JOURNAL ENTRY AND OPINION
Defendant Kenneth Thomas appeals from his convictions for public indecency and importuning. For the reasons set forth below, we affirm.
On April 5, 2000, defendant was charged with indecent exposure, in violation of Bedford Codified Ordinance 533.07 and importuning, in violation of Bedford Codified Ordinance 533.05. Defendant pleaded not guilty and moved to suppress all evidence and testimony obtained in violation of his constitutional rights.
At the hearing conducted on the motion to suppress, Warrensville Heights Police Officer Karl Koch testified that on April 1, 2000, he and Officer Ledger responded to a complaint regarding defendant and then went to defendant's apartment to find out what exactly was happening. Koch stated that he asked defendant what had happened and defendant responded that nothing had happened. The officer then asked him what kind of underwear he was wearing and defendant indicated that he had on white boxer shorts with red polka dots. Officer Koch testified that defendant was not taken into custody and was not restrained. Officer Koch admitted, however that defendant was a suspect and was not given his Miranda[1] warnings.
Det. Gregory Curtin testified that on April 6, 2000, he arrested defendant in connection with a warrant issued in this matter. Thereafter, defendant prepared a written police statement.
It is undisputed that defendant was notified of his Miranda rights on this document and that defendant attested that he understood those rights.
Defendant elected to present evidence at the suppression hearing. He testified that on April 1, 2000, the officers came to his apartment, began looking around, and asked him what had happened. He stated that he felt intimidated, believed that he had to give them a statement, and did not feel free to leave.
The trial court subsequently denied the motion to suppress, and held:
 The Court having reviewed the facts as presented and Miranda v. Arizona and Dickerson v. United States finds that the defendant was not in custody nor was he deprived of his freedom in any significant way by police officers questioning him in his own home.
The matter then proceeded to a jury trial on August 15, 2000.
The prosecuting attorney presented the testimony of the girl, her mother and one of the investigating officers.
The girl testified that on April 1, 2000, she was roller skating on the sidewalk in front of her apartment complex. As she passed the glass door of defendant's apartment, she observed that defendant was watching a nasty movie. Defendant was wearing a robe and boxer shorts. The girl established that defendant was masturbating. She turned to leave but stopped briefly to fix one of her skates. At this time, defendant approached her and said,
Do you want me to play with your P***, do you want to suck my blank. The girl promptly left and reported the incident to her mother.
The girl's mother testified that she immediately confronted defendant and had the girl repeat the alleged remarks. Defendant denied making these statements and the woman then called the police.
Warrensville Heights Police Det. Greg Curtin testified that he and Sgt. Warner served an arrest warrant upon defendant. Curtin later obtained a written statement from defendant. In this statement, defendant indicated that he had been cleaning his apartment and that he left the apartment, wearing a robe and shorts, in order to do laundry. He indicated that the girl told him that she had no one to play with and he said that if he were thirty years younger, he would play with her and that he wished that he could trade places with her.
Det. Curtin admitted that no pornography was discovered in the apartment and that there were some discrepancies in the girl's account of what had transpired.
Defendant was subsequently convicted of both offenses. The trial court sentenced him to 180 days incarceration and fined him $1,000 for importuning and 30 days incarceration and a $250 fine for public indecency. The court also ordered the terms of incarceration to be served consecutively at the Warrensville Heights Jail. The prosecuting attorney subsequently informed the court that defendant's medical condition made it difficult to care for him at the Warrensville Heights Jail and he moved to amend the charges to assert violations of the Ohio Revised Code, in order to permit him to be jailed at the Cuyahoga County Jail. The trial court granted this motion without objection from defendant's counsel. The importuning charge was then amended to assert a violation of R.C. 2907.07(A) and the public indecency charge was amended to assert a violation of 2907.09. Defendant now appeals and assigns five errors for our review.
Defendant's first assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS CONVICTION WAS BASED UPON THE TESTIMONY OF AN INCOMPETENT WITNESS WHO HAD NOT BEEN QUALIFIED.
Within this assignment of error, defendant complains that the child who testified against him was nine years and eight months old and was not shown to be competent to testify in this matter.
Evid.R. 601 provides that "[e]very person is competent to be a witness except: (A) * * * children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *."
Pursuant to this rule, it is the trial court's duty to conduct a voir dire examination of a child witness under ten years of age to ascertain the child's competency to testify. State v. Said (1994), 71 Ohio St.3d 473. The failure to do so is error. State v. Morgan (1986), 31 Ohio App.3d 152,154. Nonetheless, since this issue was not raised below, we shall review this issue only for plain error. Id. That is, an appellate court will generally not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected[.]" State v. Peagler (1996),76 Ohio St.3d 496, 499. "Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
Thus the instant inquiry is whether the failure of the trial court to voir dire to determine her competence to testify rises to the level of plain error. We conclude that it does not. We note, initially, that the girl was over nine and one half years old. From her testimony, she appeared capable of receiving just impressions of facts and events, accurately relating them. Accord State v. Frazier (1991),61 Ohio St.3d 247, 251. She also appeared to understand truth and falsity and to appreciate her responsibility to be truthful. Id.
Accordingly, we find no plain error herein and this assignment of error is therefore without merit.
Defendant's second assignment of error states:
 DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL DID NOT REQUEST THE COURT TO CONDUCT A VOIR DIRE EXAMINATION TO DETERMINE THE COMPETENCY OF THE WITNESS.
Defendant next asserts that his trial attorney was ineffective for failing to require the court to conduct a voir dire examination of her competency.
Because we have rejected the underlying claim of error, we must likewise reject the assertion of ineffective assistance of counsel which is premised upon that error. State v. Henderson (1988), 39 Ohio St.3d 24,33.
This assignment of error is without merit.
Defendant's third assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO SUPPRESS STATEMENTS FROM QUESTIONING WITHOUT ANY ADVICE OF RIGHTS.
Here, defendant maintains that the trial court erred in denying his motion to suppress his statements. Defendant maintains that the oral statement at his apartment should have been suppressed because Miranda warnings were not given and he further maintains that the subsequent written statement should also have been suppressed as the fruit of the poisonous tree.
"The duty to advise a suspect of Miranda rights does not attach until questioning rises to the level of a `custodial interrogation.'" State v. Gumm (1995), 73 Ohio St.3d 413, 429. "By custodial interrogation we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona (1966), 384 U.S. 436, 444,16 L.Ed.2d 694, 86 S.Ct. 1602. An analysis of whether an individual is in custody for purposes of Miranda focuses on whether a reasonable person under the circumstances would believe he was under arrest. Berkemer v. McCarty (1984), 468 U.S. 420, 442, 82 L.Ed.2d 317, 104 S.Ct. 3138; Oregon v. Mathiason (1977), 429 U.S. 492, 97 S.Ct. 711. Both the subjective intent of the officer as well as the subjective belief of the suspect are irrelevant in this analysis. State v. Uhler (1992), 80 Ohio App.3d 113,117.
Applying the foregoing to this instance, we are unable to conclude that the trial court erred in denying the motion to suppress. As an initial matter we note that the prosecuting attorney did not, during his case in chief, offer testimony regarding defendant's oral statement to police during the time of their conversation with him on April 1, 2000 at his apartment. Rather, during the trial on the merits, the prosecuting attorney presented only evidence concerning defendant's written statement following his arrest. In any event, there is no indication that a reasonable person under the circumstances would believe he was under arrest and the trial court therefore correctly determined that defendant was not subjected to custodial interrogation at the time of this initial oral statement. Further, although defendant urges a different result, and relies upon Orozco v. Texas (1969), 394 U.S. 324, we note that in Orozco, the petitioner was under arrest and not free to leave when he was questioned at his apartment.
Defendant additionally asserts that there was no probable cause to arrest him in this matter and that the written statement made following his arrest was therefore subject to suppression as the fruit of the poisonous tree.
Where an arrest is not supported by probable cause, evidence obtained from the defendant following arrest is subject to suppression. Brown v. Illinois (1975), 422 U.S. 590; Dunaway v. New York (1979), 442 U.S. 200; Taylor v. Alabama (1982), 457 U.S. 687. Defendant therefore asserts that the indirect fruits of an illegal search or arrest, the subsequent written statement, should be suppressed because it resulted from an illegality arrest. Wong Sun v. United States (1963), 371 U.S. 471, 488,9 L.Ed.2d 441, 83 S.Ct. 407. This claim was never pursued below, so we will not consider it herein. That is, nothing was presented below to challenge the warrant for defendant's arrest and this claim will not be considered herein.
This assignment of error is without merit.
Defendant's fourth assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR JUDGMENT OF ACQUITTAL.
Defendant asserts that the trial court erred in failing to acquit him of the charges.
Pursuant to Crim.R. 29(A), a judge "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." "[A] a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; accord State v. Cantin (1999),132 Ohio App.3d 808, 811. When considering whether such evidence is sufficient, a judge views the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The elements of public indecency are set forth in R.C. 2907.09(A) as follows:
 (A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:
 (1) Expose his or her private parts, or engage in masturbation;
(2) Engage in sexual conduct;
 (3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation.
The offense of importuning, is governed by R.C. 2907.07(A), which provides:
 "No person shall solicit a person under thirteen years of age to engage in sexual activity with the offender, whether or not the offender knows the age of such person."
In this instance, the evidence presented by the prosecuting attorney demonstrated that while the girl was roller skating near defendant's patio door, defendant sat near the door and masturbated. The state also presented evidence that defendant asked the girl if she would like to perform a sexual act upon him and also asked if he could perform a sexual act upon her. Viewing the evidence presented by the prosecuting attorney, we conclude that reasonable minds can reach different conclusions as to whether each material element of both offenses were proven beyond a reasonable doubt. We therefore conclude that the trial court properly denied the motion for acquittal as to both offenses.
This assignment of error is without merit.
Defendant's fifth assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED CONSECUTIVELY BY THE COURT.
Here, defendant asserts that the trial court did not meet the statutory requirements in imposing consecutive sentences.
R.C. 2929.22 governs the imposition of sentence for misdemeanors and provides:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 (B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
(a) The offender is a repeat or dangerous offender;
 (b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 (c) The offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 (2) If the offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation and the court decides to impose a term of imprisonment upon the offender, the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender.
 (C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
 (D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor. * * * *.
Pursuant to R.C. 2929.22(C), the sentencing court must also consider the mitigating factors listed in R.C. 2929.12(C) and (E). R.C. 2929.12(C) provides:
 The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
R.C. 2929.12(E) states:
 The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
In this instance, the record demonstrates that the trial court clearly conformed to its statutory duties before imposing consecutive sentences. The court considered defendant's previous conviction, the fact that the offense involved a child, that defendant had not yet completed his term of probation for that offense, and defendant's lack of remorse for his actions. Accordingly, this assignment of error lacks merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR.
[1] See Miranda v. Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694,86 S.Ct. 1602.