Filed 7/15/13  P. v. Warren CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055288 |
| v. | (Super.Ct.No. FSB900188) |
| BENTON CHARLES WARREN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

Lillian Y. Lim, under appointment by the Court of Appeal, for Defendant and Apellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, Marissa Bejarano and Charles Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Benton Charles Warren received a three-year suspended sentence and three years of probation after pleading no contest to transporting marijuana (Health &

1

Saf. Code, § 11360, subd. (a)).[1]  In this appeal, defendant argues the trial court erred when it denied his motion to suppress evidence found in a search of his car after a drug dog alerted to the scent of marijuana.  As discussed below, the warrantless search was supported by probable cause and so the judgment is affirmed.

### FACTS AND PROCEDURE

On January 14, 2009, a California Highway Patrol officer pulled over defendant on Interstate 10 for following too closely behind another vehicle (Veh. Code, § 21703) and having an obscured license plate (Veh. Code, § 5201).  As the officer spoke to defendant through the open passenger window of defendant's pickup truck, the officer could smell marijuana inside the truck.  The officer asked defendant to exit the truck and began to write him a citation.  As he did so, the officer asked defendant several general questions about where he was going.  Defendant said he was going to dinner with a friend, but was unable to say where he was meeting the friend or where they were going to eat.  The officer thought defendant sounded evasive.  The officer asked defendant if he had any marijuana with him or in the truck.  Defendant said he had some marijuana and a pipe on him, but that he had a medical marijuana card.

Another officer arrived on the scene with a K-9 dog.  At that point defendant became very nervous and very sweaty, with beads of sweat dripping down his face.  The K-9 officer took the dog around to defendant's truck.  The dog "alerted" on the vehicle.  This means that she started scratching near the truck's passenger door.  Without

---

[1]  All section references are to the Health and Safety Code unless otherwise indicated.

prompting, the dog jumped into the truck through the open window and alerted on several buckets inside the truck to indicate she smelled marijuana. The officers searched the truck based on the dog's alert and found four five-gallon buckets filled with marijuana. The buckets contained 11 pounds of marijuana in 44 packages. At some point defendant gave the first officer his medical marijuana card and produced a small tin of marijuana and a pipe from his person. The officer could not remember exactly when.

On cross-examination during the hearing on defendant's motion to suppress, the K-9 officer stated that the dog had at times alerted to marijuana and then only debris was found. The dog had never alerted where no marijuana was found. Neither the K-9 officer nor the dog could tell how much marijuana was present just by smell. The K-9 officer noticed the smell of marijuana coming from defendant's truck, but could not say whether the smell was strong or faint.

On January 18, 2011, the People charged defendant with possessing marijuana for sale (§ 11359), transportation of marijuana, and cultivating marijuana (§ 11358).

On July 1, 2011, defendant filed a motion to suppress evidence under Penal Code section 1538.5. The People filed its opposition on August 9, 2011.

On September 23, 2011, the court held a hearing on defendant's motion to suppress. After hearing testimony from the two officers and argument by counsel, the court concluded that the search was legal. The court based this conclusion on defendant's statement to the first officer that he had marijuana on his person and on the K-9 dog's alerting to defendant's truck.

On November 4, 2011, defendant pled no contest to transporting marijuana and the remaining counts were dismissed. Also on that date, the trial court sentenced defendant to three years of local prison time, suspended, and placed him on three years of probation. This appeal followed.

## DISCUSSION

*The Officers Had Probable Cause to Search the Vehicle Based on the Smell of Marijuana.*

In reviewing the denial of a motion to suppress evidence, "[w]e defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citations.]" (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

The police had probable cause to search because they detected the odor of marijuana emanating from the vehicle. "Hornbook law states that the Fourth Amendment to the United States Constitution permits the warrantless search of an automobile with probable cause. [Citations.] The scope of such a warrantless search is defined by the nature of the items being sought: 'If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.' [Citation.]" (*People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059 (*Strasburg*).) Under the facts of this case, the officers had probable cause to search defendant's vehicle for marijuana after the officers smelled the odor of marijuana coming from it, regardless of defendant's medical marijuana card.

4

(*Ibid.,* [Deputy "had probable cause to search defendant's car for marijuana after he smelled the odor of marijuana."])  The circumstances of this case are right on point with the facts in *Strasburg,* in that: 1) the odor of marijuana coming from the vehicle provided the probable cause; and 2) the defendant's possession of a medical marijuana card did not immunize him from an otherwise proper search based on that odor.

Defendant argues that the circumstances of this case are more similar to those in *People v. Torres* (2012) 205 Cal.App.4th 989, in which the Court of Appeal found that the odor of burning marijuana alone did not provide probable cause for the entry into and search of a residence.  A closer review shows that this case is not at all applicable.  The appellate court's task was to determine whether the officers who searched a hotel room based on exigent circumstances could establish probable cause to believe that evidence of a *jailable* offense would be imminently destroyed.  The appellate court's actual holding was that the odor of *burning* marijuana, and nothing more, did not provide probable cause to believe that the occupants possessed more than the minimum amount of marijuana, 28.5 grams, punishable by jail time.  In the current matter, the officers did not search a person's residence based on exigent circumstances that evidence of a jailable offense would be destroyed.  Neither did they smell burning marijuana, which could indicate the presence of a single lit marijuana cigarette.  Rather, armed with defendant's statement that he had a small amount of marijuana on his person, they both smelled a significant enough amount of non-burning marijuana in the truck to provide probable cause to believe defendant possessed an amount of marijuana over the legal limit allowed by his marijuana card.

5

*The Drug Dog Alert Was Reliable*

Defendant argues the People cannot rely on the drug dog's alert to the presence of marijuana in the truck to establish probable cause for the search because the drug dog was unreliable. Specifically, defendant contends the K-9 officer inadequately demonstrated the dog's training and experience in marijuana detection.

The alert of a well-trained drug detection dog, standing alone, can establish probable cause for the search of a driver's vehicle. (*People v. Stillwell* (2011) 197 Cal.App.4th 996, 1006.) However, there must be an adequate demonstration of the dog's training and experience in drug detection before the dog's alert will be admitted into evidence. (*People v. Mayberry* (1982) 31 Cal.3d 335, 342.) The U.S. Supreme Court has recently determined what constitutes an adequate demonstration in *Florida v. Harris* (2013) ____ U.S. ____, [133 S.Ct. 1050]. " . . . [E]vidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert. If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. The same is true, even in the absence of formal certification, if the dog has recently and successfully completed a training program that evaluated his proficiency in locating drugs." (*Id.* at p. ____, [133 S.Ct. at p. 1057].)

Here, the K-9 officer testified that the dog had been "trained to specifically sniff odors. One of them is marijuana. And when she locates that odor, she will alert, which is indicating by scratching, barking or biting in the area that she picks up that odor." The

6

officer testified that he had been working with this dog for eighteen-months to two years at the time of the search. While the officer was more specific regarding his own training to work with K-9 narcotics dogs, including previous dogs, the trial court could reasonably have concluded from the testimony that this dog had completed a three-month training course, and that, in doing so, the officer had learned this dog's unique behaviors that indicate an alert: "Yes, Roxy's my third canine with the highway patrol. I've been working canines for 13 years now. The original class we go to is a three-month class with our canine, which includes patrol training and also narcotic training. We're trained to watch the change of behavior. We watch and learn the alert of our dogs. And, as I explained, the alert of my dog is a scratch, biting or barking." While the prosecutor could have elicited more detailed testimony about this dog's training and certification, we conclude that this testimony is sufficient "evidence of a dog's satisfactory performance in a certification or training program" to satisfy the requirements set forth in *Florida v. Harris*. Therefore, under *People v. Stillwell*, this dog's alert on defendant's truck was enough to establish probable cause for the search.

*Unsworn Testimony Argument is Waived*

Defendant contends that, because the record transcript does not include a verbal affirmative answer from the first highway patrol officer to the trial court's "whole truth and nothing but the truth" question, the officer's entire testimony cannot be considered as evidence and thus the trial court's ruling is unsupported by sufficient evidence. The People respond that defendant waived this issue by failing to raise it at the time. As

7

discussed below, defendant waived the issue by failing to raise it at the time so any deficiency could be remedied.

The record transcript indicates the following exchange when the court gave the oath to the first highway patrol officer just prior to his testimony at the suppression hearing.

"[THE COURT]:  You do solemnly state the evidence you shall give in the matter shall be the truth, the whole truth and nothing but the truth, so help you God?

"[The BAILIFF]:  Please state your full name, spelling it for the record.

"[The WITNESS]:  Roberto Adelmann.  R-o-b-e-r-t-o  A-d-e-l-m-a-n-n.

"[The COURT]:  Thank you.  You may proceed.

"[The PROSECUTOR]:  Thank you."

Where the adequacy of the oathtaking is not raised at trial, the issue is deemed waived on appeal.  (*People v. Berry* (1968) 260 Cal.App.2d 649.)  Here, even assuming the witness did not assent to the oath in a non-verbal manner, or so quietly that the court

reporter did not transcribe it, it was incumbent upon defendant to point that out at the time or refrain from raising it at this time.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

9